IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELKIN GOMEZ,  )<br>　　　　　　　Petitioner,  )<br>　　　　　　　　　　　　　　)<br>　v.　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>B. CURRY, Warden, BOARD OF  )<br>PRISON TERMS,　　　　　　　)<br>　　　　　　　　　　　　　　)<br>　　　　　　　Respondents.  )<br>_____ ) | No. C 07-4833 MMC (PR)<br><br>**ORDER TO SHOW CAUSE** |

On September 20, 2007, petitioner, a California prisoner incarcerated at Soledad State Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of parole by the California Board of Parole Hearings ("Board").[1]  Petitioner has paid the filing fee.

**BACKGROUND**

In 1988, in the Superior Court of Los Angeles County, petitioner was convicted of kidnapping to commit robbery or rape. He was sentenced to a term of seven years to life in state prison. On February 2, 2005, the Board found petitioner unsuitable for parole. On August 15, 2007, the California Supreme Court denied petitioner's state habeas corpus petition challenging the Board's decision.

---

[1] Petitioner has named the "Board of Prison Terms" as respondent; that entity was abolished as of July 1, 2005 and replaced by the Board of Parole Hearings. See Cal. Penal Code § 5075(a).

**DISCUSSION**

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

Petitioner claims the denial of parole violated his federal constitutional rights to due process and equal protection because (1) there was insufficient evidence to support the Board's decision that his release would pose an unreasonable risk to public safety; (2) the Board relied solely on the unchanging factors of the commitment offense; (3) the Board failed to consider statutory criteria for setting a parole release date; and (4) the denial was based on petitioner's status as an illegal immigrant. Liberally construed, petitioner's claims are cognizable.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The Clerk shall serve by certified mail a copy of this order and the petition, along with the exhibits lodged in support thereof,[2] upon respondents and respondents' counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondents shall file with the Court and serve on petitioner, within **ninety (90)**

---

[2] Pursuant to Federal Rule of Evidence 201, the Court hereby GRANTS petitioner's request that the Court take judicial notice of the state court decisions denying petitioner's state habeas corpus petitions and of the transcript of petitioner's parole hearing, all of which petitioner has lodged as exhibits in support of his petition. (Docket No. 2.)

days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondents shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondents within **thirty (30)** days of the date the answer is filed.

3. In lieu of an answer, respondents may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondents file such a motion, petitioner shall file with the Court and serve on respondents an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondents shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on respondents by mailing a true copy of the document to respondents' counsel.

5. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondents informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

DATED: April 14, 2008

MAXINE M. CHESNEY
United States District Judge

3