1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  JENNIFER A. NEILL
   Supervising Deputy Attorney General
5  AMANDA J. MURRAY, State Bar No. 223829
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5741
    Fax:  (415) 703-5843
8   Email:  Amanda.Murray@doj.ca.gov

9  Attorneys for Respondent

10

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14

15  **ELKIN GOMEZ,**                                C 07-4833 MMC

16                              Petitioner,    **ANSWER TO PETITION FOR
                                              WRIT OF HABEAS CORPUS;
                                              MEMORANDUM OF POINTS
17         v.                                 AND AUTHORITIES**

18  **B. CURRY, Warden, BOARD OF PRISON TERMS,**
                                              Judge:      The Honorable
19                              Respondents.              Maxine M. Chesney

20

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2                                                                                                    **Page**

3    MEMORANDUM OF POINTS AND AUTHORITIES                                           5

4       INTRODUCTION                                                               5

5       ARGUMENT                                                                   5

6       I.    GOMEZ HAS NOT SHOWN THAT HE IS ENTITLED TO RELIEF
              UNDER AEDPA.                                                         5

7

8             A.   Gomez Has Not Shown that the State Court Decisions Was Contrary
                   to Clearly Established Federal Law.                             5

9             B.   Gomez Has Not Shown that the State Courts Unreasonably Applied
                   Clearly Established Federal Law.                                7

10

11            C.   Gomez Has Not Shown that the State Court Decisions Were Based
                   on an Unreasonable Determination of the Facts.                  8

12      II.   GOMEZ HAS NOT SHOWN THAT THE BOARD FAILED TO
              CONSIDER THE STATUTORY CRITERIA FOR SETTING A

13            PAROLE RELEASE DATE.                                                 9

14      III.  GOMEZ HAS NOT SHOWN THAT THE BOARD DENIED HIM
              PAROLE BECAUSE HE IS AN ILLEGAL IMMIGRANT OR THAT

15            THE DECISION VIOLATED HIS EQUAL PROTECTION RIGHTS.                   10

16   CONCLUSION                                                                    11

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

**Cases**
| | Page |
|---|---|

3

*Nguyen v. Garcia*
4  477 F.3d 716 (9th Cir. 2007) ........... 6

5  *Baja v. Ducharme*
187 F.3d 1075 (9th Cir. 1999) ........... 4
6
*Benny v. U.S. Parole Comm'n*
7  295 F.3d 977 (9th Cir. 2002) ........... 4

8  *Biggs v. Terhune*
334 F.3d 910 (9th Cir. 2003) ........... 6, 7
9
*Carey v. Musladin*
10  ___ U.S. ___, 127 S. Ct. 649 (2007) ........... 5, 6

11  *Crater v. Galaza*
491 F.3d 1119 (9th Cir. 2007) ........... 6, 7
12
*Duhaime v. Ducharme*
13  200 F.3d 597 (9th Cir. 2000) ........... 7

14  *Earp v. Ornoski*
431 F.3d 1158 (9th Cir. 2005) ........... 7
15
*Foote v. Del Papa*
16  492 F.3d 1026 (9th Cir. 2007) ........... 6

17  *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*
442 U.S. 1 (1979) ........... 3, 5-8
18
*Gutierrez v. Griggs*
19  695 F.2d 1195 (1983) ........... 9

20  *Hayward v. Marshall*
527 F.3d 797 (9th Cir. 2008) ........... 3
21
*In re Dannenberg*
22  34 Cal. 4th 1061 (2005) ........... 3

23  *In re Rosenkrantz*
29 Cal. 4th 616 (2002) ........... 7
24
*Irons v. Carey*
25  505 F.3d 846 (9th Cir. 2007) ........... 7

26  *Johnson v. Zerbst*
304 U.S. 458 (1938) ........... 10
27
*Langford v. Day*
28  110 F.3d 1380 (9th Cir. 1984) ........... 4

## TABLE OF AUTHORITIES (continued)

|  | Page |
|---|---|
| *Lockyer v. Andrade*<br>538 U.S. 63 (2003) | 5, 7 |
| *Middleton v. Cupp*<br>768 F.2d 1083 (9th Cir. 1985) | 9 |
| *Pulley v. Harris*<br>465 U.S. 37 (1984) | 4, 9 |
| *Rose v. Hodges*<br>423 U.S. 19 (1975) | 9 |
| *Sandin v. Connor*<br>515 U.S. 472 (1995) | 3, 6 |
| *Sass v. California Board of Prison Terms*<br>461 F.3d 1123 (9th Cir. 2006) | 3, 6 |
| *Schriro v. Landrigan*<br>___U.S.___, 127 S. Ct. 1933 (2007) | 6 |
| *Superintendent v. Hill*<br>472 U.S. 445 (1985) | 6-8 |
| *Wilkinson v. Austin*<br>545 U.S. 209 (2005) | 3, 6, 7 |
| *Williams v. Taylor*<br>529 U.S. 362 (2000) | 5, 7 |
| *Wright v. Van Patten*<br>___U.S.___ 128 S. Ct. 743 (2008) | 6 |
| *Ylst v. Nunnemaker*<br>501 U.S. 797 (1991) | 8 |

**Statutes**

| | Page |
|---|---|
| United States Code, Title 28 | |
| § 2244(d)(1) | 2 |
| § 2254 | 2 |
| § 2254(a) | 9 |
| § 2254(d) | 7 |
| § 2254(d)(1-2) | 5, 7, 8 |
| § 2254(e)(1) | 8 |
| California Code of Regulations, Title 15 | |
| § 2281 (a) | 10 |
| § 2402 | 9 |

**TABLE OF AUTHORITIES  (continued)**

**Page**

**Other Authorities**

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)          5-7, 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  JENNIFER A. NEILL
   Supervising Deputy Attorney General
5  AMANDA J. MURRAY, State Bar No. 223829
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5741
    Fax:  (415) 703-5843
8   Email:  Amanda.Murray@doj.ca.gov

9  Attorneys for Respondent

10

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                   SAN FRANCISCO DIVISION

14

15  ELKIN GOMEZ,                              C 07-4833 MMC

16                          Petitioner,       **ANSWER TO PETITION FOR
                                              WRIT OF HABEAS CORPUS;
16                                            MEMORANDUM OF POINTS
                 v.                           AND AUTHORITIES**

17

18  B. CURRY, Warden, BOARD OF PRISON TERMS,

                                              Judge:    The Honorable
18                          Respondents.                Maxine M. Chesney

19

20       As an Answer to the Petition for Writ of Habeas Corpus filed by inmate Elkin Gomez,

21  Respondent, admits, alleges, and denies that:

22       1.   Gomez is in the lawful custody of the California Department of Corrections and

23  Rehabilitation following his 1988 conviction for kidnaping to commit robbery.  (Order to Show

24  Cause at 1.)  Gomez is serving a sentence of seven years to life in prison.  (*Id.*)

25       2.   In 2006, Gomez filed a petition for writ of habeas corpus in Los Angeles County

26  Superior Court, alleging that the Board of Parole Hearings' 2005 decision denying him parole

27  violated his due process and equal protection rights.  (Ex. A, Super. Ct. Pet.; Ex. B, Super. Ct.

28  Order.)  Specifically, Gomez alleged that there was no evidence supporting the Board's parole

Answer and Supporting Memorandum of Points and Authorities                    *Gomez v. Curry*
                                                                               C 07-4833 MMC

1   denial, that the Board failed to consider the statutory criteria for setting a parole release date,[1]

2   and that the denial was based on his status as an illegal immigrant. The superior court denied the

3   petition, finding that there was some evidence in the record supporting the Board's finding that

4   the offense was carried out in a dispassionate and calculated manner, that the motive for the

5   crime was trivial in relationship to the offense, and that Gomez lacked remorse and

6   understanding regarding the nature and magnitude of his offense. (Ex. B at 1.) The Court also

7   found that the additional factors relied on by the Board to deny parole were supported by some

8   evidence (Id.)

9       3.  Gomez then raised the same claims in petitions to the California Court of Appeal and

10  the California Supreme Court. (Ex. C, Ct. App. Pet.; Ex. D, Ct. App. Order; Ex. E, Sup. Ct. Pet;

11  Ex. F, Sup. Ct. Order.) Both petitions were summarily denied. (Ex. D; Ex. F.)

12      4.  Respondent admits that Gomez exhausted his state court remedies regarding his claims

13  that there was no evidence supporting the Board's parole denial, that the Board failed to consider

14  the statutory criteria for setting a parole release date, and that the denial was based on his status

15  as an illegal immigrant. Respondent denies that Gomez has exhausted his claims to the extent

16  they are interpreted more broadly to encompass any systematic issues beyond this claim.

17      5.  Respondent admits that the Petition is timely under 28 U.S.C. § 2244(d)(1).

18  Respondent admits that the Petition is not subject to any other procedural bar.

19      6.  Respondent denies that Gomez is entitled to federal habeas relief under 28 U.S.C. §

20  2254 because the state court decisions were not contrary to, or an unreasonable application of

21  clearly established federal law as determined by the United States Supreme Court, or based on an

22  unreasonable determination of the facts.

23      7.  Respondent denies that Gomez has a federally protected liberty interest in parole and,

24  therefore, alleges that he has not a stated a federal question invoking this court's jurisdiction.

25  The Supreme Court has not clarified the methodology for determining whether a state has created

26

27      1. Respondent interprets this claim as including Gomez's allegations that the Board has a
    predetermined, no-parole policy, that the Board's denial must be based on "new" evidence, and that
28  the Board failed to set a parole release date based on its regulatory matrices.

1  a federally protected liberty interest in parole. *See Greenholtz v. Inmates of Neb. Penal & Corr.*

2  *Complex*, 442 U.S. 1, 12 (1979) (liberty interest in conditional parole release date created by

3  unique structure and language of state parole statute); *Sandin v. Connor*, 515 U.S. 472, 484

4  (1995) (federal liberty interest in correctional setting created only when issue creates an "atypical

5  or significant hardship" compared with ordinary prison life); *Wilkinson v. Austin*, 545 U.S. 209,

6  229 (2005) (*Sandin* abrogated *Greenholtz's* methodology for establishing the liberty interest).

7  California's parole statute does not contain mandatory language giving rise to a protected liberty

8  interest in parole under the mandatory-language approach announced in *Greenholtz*. *In re*

9  *Dannenberg*, 34 Cal. 4th 1061, 1087 (2005) (California's parole scheme is a two-step process

10  that does not impose a mandatory duty to grant life inmates parole before a suitability finding).

11  And continued confinement under an indeterminate life sentence does not impose an "atypical or

12  significant hardship" under *Sandin* since a parole denial does not alter an inmate's sentence,

13  impose a new condition of confinement, or otherwise restrict his liberty while he serves his

14  sentence. Thus, Respondent asserts that Gomez does not have a federal liberty interest in parole

15  under either *Greenholtz* or *Sandin*. Respondent acknowledges that in *Sass v. California Board of*

16  *Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006) the Ninth Circuit held that California's parole

17  statute creates a federal liberty interest in parole under the mandatory-language analysis of

18  *Greenholtz*, but preserves the argument, which is pending en banc in *Hayward v. Marshall*, 527

19  F.3d 797 (9th Cir. 2008).

20      8.  Even if Gomez has a federal liberty interest in parole, he received all due process to

21  which he is entitled under clearly established federal law because he was provided with an

22  opportunity to be heard and a statement of reasons for the Board's decision. *Greenholtz*, 442

23  U.S. at 16.

24      9.  Respondent denies that the some-evidence test is clearly established federal law in the

25  parole context.

26      10.  Respondent denies that the Board's 2005 decision violated Gomez's federal due

27  process rights.

28      11.  Respondent denies that the Board failed to consider the statutory criteria for setting a

1  parole release date. Moreover, Respondent alleges that Gomez fails to present a federal question

2  when he contends that the state courts improperly applied or interpreted state law. Alleged errors

3  in the application of state law are not cognizable in federal habeas corpus. *Pulley v. Harris*, 465

4  U.S. 37, 41 (1984); *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1984).

5      12. Respondent denies that the parole denial was based on his status as an illegal immigrant

6  or that it violated his equal protection rights.

7      13. Respondent submits that an evidentiary hearing is not necessary because the claims

8  can be resolved on the existing state court record. *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th

9  Cir. 1999).

10     14. Respondent denies that Gomez is entitled to an order requiring that the Board set a

11  release date. Gomez's remedy is limited to the process that is due, which is a new review by the

12  Board comporting with due process. *See Benny v. U.S. Parole Comm'n*, 295 F.3d 977, 984-85

13  (9th Cir. 2002) (a liberty interest in parole is limited by the Board's exercise of discretion, and a

14  due process error does not entitle an inmate to a favorable parole decision).

15     15. Gomez fails to state or establish any grounds for habeas corpus relief.

16     16. Except as expressly admitted in this Answer, Respondent denies the allegations of the

17  Petition.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Answer and Supporting Memorandum of Points and Authorities

*Gomez v. Curry*
C 07-4833 MMC

4

1  **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **INTRODUCTION**

3      Gomez claims that the Board's 2005 decision finding him unsuitable for parole violated his

4  due process rights.  But Gomez merely alleges a disagreement with the Board's decision, and

5  fails to establish that the state court decisions denying his due process claims were contrary to, or

6  an unreasonable application of clearly established federal law as determined by the United States

7  Supreme Court, or were based on an unreasonable determination of the facts.  Moreover, as to his

8  other claims, Gomez fails to state any grounds for federal habeas relief.  Thus, Gomez's Petition

9  should be denied.

10  **ARGUMENT**

11  **I.**

12    **GOMEZ HAS NOT SHOWN THAT HE IS ENTITLED TO RELIEF UNDER
AEDPA.**

13

14      Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a federal court

15  may not grant a writ of habeas corpus unless the state court's adjudication was either: 1)

16  "contrary to, or involved an unreasonable application of, clearly established Federal law, as

17  determined by the Supreme Court of the United States;" or 2) "based on an unreasonable

18  determination of the facts in light of the evidence presented at the State Court proceeding."

19  28 U.S.C. § 2254(d)(1-2).  Gomez has not demonstrated that he is entitled to relief under this

20  standard.

21      **A.**    **Gomez Has Not Shown that the State Court Decisions Was Contrary to
Clearly Established Federal Law.**

22

23      As a threshold matter, the Court must decide what, if any, "clearly established Federal law"

24  applies. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).  In making this determination, the Court

25  may look only to the holdings of the United States Supreme Court governing at the time of the

26  state court's adjudication. *Carey v. Musladin*, ___ U.S. ___, 127 S. Ct. 649, 653 (2007) (quoting

27  *Williams v. Taylor*, 529 U.S. 362 (2000)).  The only case in which the Supreme Court has

28  addressed the process due in state parole proceedings is *Greenholtz*. *Greenholtz*, 442 U.S. 1.

1    The Supreme Court there held that due process is satisfied when the state provides an inmate an

2    opportunity to be heard and a statement of the reasons for the parole decision. *Id.* at 16. "The

3    Constitution does not require more." *Id.*[2]  No other Supreme Court holdings require more at a

4    parole hearing.

5        Gomez does not contest that he received the *Greenholtz* protections. (*See generally* Pet.)

6    Because *Greenholtz* was satisfied and *Greenholtz* is the only Supreme Court authority regarding

7    an inmate's due process rights during parole proceedings, the state court decision upholding the

8    Board's decision was not contrary to clearly established federal law.  Thus, the Petition should be

9    denied.

10       Although Gomez alleges that the Board's decision must be supported by some evidence,

11   there is no clearly established federal law applying this standard to parole decisions.  The

12   Supreme Court has held that under AEDPA a test announced in one context is not clearly

13   established federal law when applied to another context. *Wright v. Van Patten*, ___U.S.___ 128

14   S. Ct. 743, 746-47 (2008); *Schriro v. Landrigan*, ___U.S.___, 127 S. Ct. 1933 (2007); *Musladin*,

15   127 S. Ct. at 652-54; *see also, Foote v. Del Papa*, 492 F.3d 1026, 1029 (9th Cir. 2007); *Nguyen*

16   *v. Garcia*, 477 F.3d 716, 718, 727 (9th Cir. 2007); *Crater v. Galaza*, 491 F.3d 1119, 1122 (9th

17   Cir. 2007).  The Supreme Court developed the some-evidence standard in the context of a prison

18   disciplinary hearing, *Superintendent v. Hill*, 472 U.S. 445, 457 (1985), which is a fundamentally

19   different context than a parole proceeding.  Because the tests and standards developed by the

20   Supreme Court in one context cannot be transferred to distinguishable factual circumstances for

21   AEDPA purposes, it is not appropriate to apply the some-evidence standard of judicial review to

22   parole decisions.

23       Thus, the Ninth Circuit's application of the some-evidence standard to parole decisions is

24   improper under AEDPA. *See, e.g., Biggs v. Terhune*, 334 F.3d 910 (9th Cir. 2003); *Sass*, 461

25   _____

26       2. The Supreme Court has cited *Greenholtz* approvingly for the proposition that the "level
     of process due for inmates being considered for release on parole includes an opportunity to be heard
27   and notice of any adverse decision" and noted that, although *Sandin* abrogated *Greenholtz's*
     methodology for establishing the liberty interest, *Greenholtz* remained "instructive for [its]
28   discussion of the appropriate level of procedural safeguards." *Austin*, 545 U.S. at 229.

Answer and Supporting Memorandum of Points and Authorities                    *Gomez v. Curry*
                                                                             C 07-4833 MMC

1    F.3d at 1128; *Irons v. Carey*, 505 F.3d 846, 851 (9th Cir. 2007). Moreover, AEDPA does not

2    permit relief based on circuit caselaw. *Crater*, 491 F.3d at 1123, 1126 (§ 2254(d)(1) renders

3    decisions by lower courts non-dispositive for habeas appeals); *Earp v. Ornoski*, 431 F.3d 1158,

4    1182 (9th Cir. 2005) ("Circuit court precedent is relevant only to the extent it clarifies what

5    constitutes clearly established law." . . . "Circuit precedent derived from an extension of a

6    Supreme Court decision is not clearly established federal law as determined by the Supreme

7    Court."); *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 2000). Therefore, the Ninth

8    Circuit's use of the some-evidence standard is not clearly established federal law and is not

9    binding on this Court.

10      Similarly, Gomez's related claim that the Board's reliance on the immutable factor of his

11    commitment offense violates due process finds no support in Supreme Court precedent.

12    Although the Ninth Circuit has suggested that this might amount to an additional due process

13    claim, *Biggs*, 334 F.3d at 917, because there is no clearly established federal law precluding

14    reliance on unchanging factors federal habeas relief is not available. 28 U.S.C. § 2254(d).

15      In sum, the only clearly established federal law setting forth the process due in the parole

16    context is *Greenholtz*. Gomez does not allege that he failed to receive these protections.

17    Therefore Gomez has not shown that the state court decisions denying habeas relief were

18    contrary to clearly established federal law.

19      **B.**    **Gomez Has Not Shown that the State Courts Unreasonably**
           **Applied Clearly Established Federal Law.**

20

21      Habeas relief may only be granted based on AEDPA's unreasonable-application clause

22    where the state court identifies the correct governing legal rule from Supreme Court cases but

23    unreasonably applies it to the facts of the particular state case. *Williams*, 529 U.S. at 406. The

24    petitioner must do more than merely establish that the state court was wrong or erroneous. *Id.* at

25    410; *Lockyer*, 538 U.S. at 75. Respondent recognizes that the Ninth Circuit applies the some-

26    evidence standard as clearly established federal law, but even accepting that premise, Gomez is

27    not entitled to federal habeas relief. Indeed, the California Supreme Court has adopted *Hill*'s

28    some-evidence test as the judicial standard to be used in evaluating parole decisions, *In re*

Answer and Supporting Memorandum of Points and Authorities                 *Gomez v. Curry*
                                                                     C 07-4833 MMC

1  *Rosenkrantz*, 29 Cal. 4th 616 (2002), and Gomez has not shown that the state courts

2  unreasonably applied the standard.

3      Here, the superior court issued a reasoned decision finding that the facts of Gomez's

4  commitment offense, the trivial motive for his crime, and evidence that he lacked remorse and

5  understanding regarding the nature and magnitude of his offense was some evidence to support

6  denying him parole. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991) (federal court looks to the

7  last reasoned state court decision as the basis for the state court judgment); (Ex. B at 1-2.)

8      Although Gomez invites the Court to re-examine the facts of his case and re-weigh the

9  evidence presented to the Board, there is no Supreme Court law permitting this degree of judicial

10  intrusion. Indeed, the Supreme Court has recognized the difficult and sensitive task faced by the

11  Board in evaluating the advisability of parole release. *Greenholtz*, 442 U.S. at 9-10. Thus,

12  contrary to Gomez's belief that he should be paroled based on the evidence in support of his

13  parole (*see generally*, Pen.), the Supreme Court has stated that in parole release, there is no set of

14  facts which, if shown, mandate a decision favorable to the inmate. *Id.* Thus, the state court

15  reasonably applied the minimal some-evidence test. *Hill*, 472 U.S. at 457.

16  **C.    Gomez Has Not Shown that the State Court Decisions Were**
    **Based on an Unreasonable Determination of the Facts.**

17

18      Under § 2254(d)(2), habeas corpus can not be granted unless the state courts' decisions

19  were based on an unreasonable determination of the facts in light of the evidence presented in the

20  state court. The state court's factual determinations are presumed to be correct, and the petitioner

21  has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. §

22  2254(e)(1).

23      Although Gomez alleges that the Board's decision is not supported by the evidence, he

24  does not show that the state court made factual errors. The superior court found that there was

25  some evidence in the record supporting the Board's finding that Gomez's offense was carried out

26  in a dispassionate and calculated manner and that the motive for the crime was very trivial in

27  relationship to the offense. (Ex. B at 1.) The court also noted that the Board was concerned with

28  Gomez's truthfulness regarding his involvement in the crime because, although Gomez testified

Answer and Supporting Memorandum of Points and Authorities                          *Gomez v. Curry*
                                                                                    C 07-4833 MMC

1  that he merely acted as an interpreter, there was evidence that he made statements showing

2  "initiative and freedom of action" during the crime, and that he admittedly had been involved in

3  the drug trade since his first illegal entry into the United States in the 1980's. (*Id.* at 2.) The

4  Court noted that Gomez's version of the crime was some evidence that he lacked remorse and

5  understanding regarding the nature and magnitude of his offense. (*Id.*) Finally, the Court found

6  that there was some evidence supporting the other factors cited by the Board to deny parole. (*Id.*

7  at 1.)

8  Thus, for the foregoing reasons, Gomez has not alleged by clear and convincing evidence

9  that the factual determinations are incorrect. Gomez simply disagrees with the weight the Board

10  assigned to the evidence. This disagreement does not entitle Gomez to federal habeas relief.

11  **II.**

12  **GOMEZ HAS NOT SHOWN THAT THE BOARD FAILED TO**
**CONSIDER THE STATUTORY CRITERIA FOR SETTING A PAROLE**
13  **RELEASE DATE.**

14  Gomez did not show that the Board failed to consider the statutory criteria for setting a

15  parole release date in violation of his federal due process rights.

16  First, Gomez fails to allege a federal claim to the extent his allegations are based on a

17  construction of the state statutes and regulations regarding the manner in which the parole

18  authority determines suitability for parole. Accordingly, his claims are predicated on state law

19  and not cognizable in federal habeas corpus. 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19,

20  21 (1975); *Gutierrez v. Griggs*, 695 F.2d 1195, 1197-98 (1983). Moreover, even if Gomez is

21  alleging that the state court erroneously rejected these claims, a federal court may not challenge a

22  state court's interpretation or application of state law, *Middleton v. Cupp*, 768 F.2d 1083, 1085

23  (9th Cir. 1985), or grant relief "on the basis of a perceived error of state law." *Pulley v. Harris*,

24  465 U.S. 37, 41 (1984).

25  Second, Gomez's allegation that the Board failed to set a parole release date based on the

26  regulatory matrices fails because there is no United States Supreme Court law mandating that a

27  release date be calculated before an inmate is found suitable for parole. Indeed, while the

28  Board's regulations set forth a matrix of factors used in setting a parole date (Cal. Code Regs., tit.

Answer and Supporting Memorandum of Points and Authorities                    *Gomez v. Curry*
C 07-4833 MMC

9

1   15, § 2402), they also specify that the matrix is invoked only after a life inmate is "found suitable

2   for parole." (*Id.* at § 2402 (a), § 2281 (a).)  Similarly, there is no United States Supreme Court

3   law requiring that the Board's parole denial be based only on "new" evidence.  Accordingly,

4   Gomez cannot state a claim for relief under AEDPA.

5          Finally, Gomez has not shown any evidence that the Board's decision denying him parole

6   was based on a predetermined, no-parole policy.  Gomez's general allegations are insufficient to

7   prove that the Board was biased or that it has a no-parole policy.  *See Johnson v. Zerbst,* 304 U.S.

8   458, 468-69 (1938) (the petitioner bears the burden of proving his allegations in a habeas corpus

9   proceeding).  Thus, because Gomez fails to state a claim for federal habeas relief, the Petition

10  must be denied.

11                                          **III.**

12  **GOMEZ HAS NOT SHOWN THAT THE BOARD DENIED HIM PAROLE**
    **BECAUSE HE IS AN ILLEGAL IMMIGRANT OR THAT THE**
13  **DECISION VIOLATED HIS EQUAL PROTECTION RIGHTS.**

14         Gomez fails to prove that the Board denied him parole because he is an illegal immigrant

15  or that the decision violated his equal protection rights.  Indeed, the state courts provided Gomez

16  with individualized consideration regarding his suitability for parole and concluded that there

17  was some evidence in the record supporting the Board's decision to deny parole.  (Ex. B.)  Thus,

18  because Gomez fails to prove that he was denied parole based on his status as an illegal

19  immigrant or that his equal protection rights were violated, he fails to state a claim for federal

20  habeas relief and his Petition should be denied.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

Answer and Supporting Memorandum of Points and Authorities                          *Gomez v. Curry*
                                                                                    C 07-4833 MMC

## CONCLUSION

Gomez has not demonstrated that the state court decisions denying habeas relief were contrary to, or an unreasonable application of, United States Supreme Court authority, or based on an unreasonable determination of the facts. Thus, the Petition should be denied.

Dated: July 21, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

JENNIFER A. NEILL
Supervising Deputy Attorney General

AMANDA J. MURRAY
Deputy Attorney General
Attorneys for Respondent

20126218.wpd
SF2008401346

Answer and Supporting Memorandum of Points and Authorities

*Gomez v. Curry*
C 07-4833 MMC

11

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Gomez v. Curry**

No.:    **C 07-4833 MMC**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **July 22, 2008**, I served the attached

### ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Elkin Gomez, E-44776**
**Correctional Training Facility**
**F-205 L**
**P.O. Box 689**
**Soledad, CA 93960-0686**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **July 22, 2008**, at San Francisco, California.

| | |
|---|---|
| M.M. Argarin | _Al M. Argain_ |
| Declarant | Signature |

20126543.wpd