# EXHIBIT A

FILED
Los Angeles Superior Court
NOV 30 2006
John A. Clarke, Executive Officer/Clerk
By _____, Deputy
JOSEPH M. PULIDO, S.C.C.
233219

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re, | Case No.: BH003906 |
| ELKIN GOMEZ, | ORDER RE: WRIT OF HABEAS CORPUS |
|     Petitioner, | |
| On Habeas Corpus | |

    The Court has read and considered petitioner's Writ of Habeas Corpus filed on March 2, 2006. Having independently reviewed the record, giving deference to the broad discretion of the Board of Prison Hearings ("Board") in parole matters, the Court concludes that the record contains "some evidence" to support the Board's finding that petitioner is unsuitable for parole. (See Cal. Code Regs., tit. 15, §2402; *In re Rosenkrantz* (2002) 29 Cal.4th 616, 667 (hereafter *Rosenkrantz*).)

    On February 5, 1990, petitioner was received into custody for a conviction of seven years to life, plus two years, for kidnapping for extortion with a firearm, in violation of Penal Code sections 209(a) and 12022.5. Petitioner's minimum eligible parole date was November 22, 1995. The record reflects that petitioner, along with at least two crime partners and acting at the direction of an identified cocaine trafficker, kidnapped the victim in order to collect an eighty-two thousand dollar drug debt the victim owed. The victim was working as an FBI informant and at the time, was wired with a listening device that transmitted the conversation between the

EP                                                   1

victim and the kidnappers to law enforcement. Law enforcement followed the kidnappers. The transcript of the conversation revealed that petitioner acted as an interpreter for the group. At some point, the victim escaped from the vehicle. The kidnappers then threw a machine gun, shotgun and .357 magnum out of the vehicle and petitioner and one of his crime partners escaped. Petitioner was arrested one week later.

The record reflects that the Board found petitioner unsuitable for parole after a parole consideration hearing held on February 2, 2005. The Board concluded that petitioner was unsuitable for parole and would pose an unreasonable risk of danger to society and a threat to public safety if released from prison. The Board based its decision on several factors, including his commitment offense. Although the Board commended petitioner for the positive aspects of his behavior in prison, they found that his positive behavior did not outweigh the factors of unsuitability.

The record supports the Board's finding that the offense was carried out in a dispassionate and calculated manner and that the motive was very trivial in relation to the offense. (See Cal. Code Regs., tit. 15, § 2402, subds. (c)(1)(B) & (E).) The record further reflects that the Board also relied on several additional factors in denying petitioner parole at this time, and there is some evidence to support that decision. The Board was particularly concerned with petitioner's truthfulness about his involvement in the commitment offense. An inmate may be more suitable for parole is he understands the nature and magnitude of the commitment offense. (See Cal. Code Regs., tit. 15, § 2402, subd. (d)(3).) Petitioner testified that he acted merely as an interpreter during the kidnapping. However, the probation report indicates that petitioner made statements that showed "initiative and freedom of action" and that he had been heavily involved in the drug trade since his first illegal entry into the United States. Petitioner even admitted to transporting drugs in the early 1980s. Where guilt is uncontested, an inmate's version of the events may be "some evidence" that he lacks remorse and understanding of the nature and magnitude of the offense. (*In re McClendon* (2004) 113 Cal.App.4th 315, 322.) The Board was acting within its authority when it considered petitioner's postconviction gains, yet

EP                                    2

1  concluded that he would pose an unreasonable threat to public safety. (See Pen. Code § 3041,
2  subd. (b).)
3      Therefore, the petition is denied.

5  November 30, 2006



_____
DAVID S. WESLEY
Judge of the Superior Court

9  Clerk to give notice.

EP                                3

Send copy of order to:

Elkin Gomez
E-44776
P.O. Box 689 (F-205L)
Correctional Training Facility - Central
Soledad, CA  93960-0689

EP                                                        4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Clara Shortridge Foltz Criminal Justice Center<br>210 West Temple Street<br>Los Angeles, CA 90012 | **FILED**<br>Los Angeles Superior Court<br><br>DEC 15 2006<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy |
| PLAINTIFF/PETITIONER:<br><br>ELKIN GOMEZ | |
| **CLERK'S CERTIFICATE OF MAILING**<br>CCP, § 1013(a)<br>Cal. Rules of Court, rule 2(a)(1) | CASE NUMBER:<br>BH003906 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served:

- ☐ Order Extending Time
- ☐ Order to Show Cause
- ☐ Order for Informal Response
- ☐ Order for Supplemental Pleading
- ☐ Order re: Request for Extension of Time
- ☐ Order          Petition
- ☒ Order re: Writ of Habeas Corpus
- ☐ Copy of

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to the cause. I served this document by placing true copies in envelopes addressed as shown below and then by sealing and placing them for collection; stamping or metering with first-class, prepaid postage; and mailing on the date stated below, in the United States mail at Los Angeles County, California, following standard court practices.

December 15, 2006
DATED AND DEPOSITED

JOHN A. CLARKE, Executive Officer/Clerk

By: _____, Clerk
        Joseph M. Pulido

Elkin Gomez
E-44776
Correctional Training Facility-Central
P.O. Box 689
Soledad, CA 93960-0689