# EXHIBIT C
# Part 4 of 4

[ Ch. 579

achieved by determinate sentences fixed by statute in proportion to the seriousness of the offense as determined by the Legislature to be imposed by the court with specified discretion.

(2) In any case in which the punishment prescribed by statute for a person convicted of a public offense is a term of imprisonment in the state prison of 16 months, two or three years; two, three or four years; two, three or five years; three, four, or five years; two, four, or six years; three, four, or six years; five, six, or seven years; three, six, or eight years; five, seven, or nine years; five, seven, or 11 years; or any other specification of three time periods, the court shall sentence the defendant to one of the terms of imprisonment specified unless such convicted person is given any other disposition provided by law, including a fine, jail, probation, or the suspension of imposition or execution of sentence or is sentenced pursuant to subdivision (b) of Section 1168 because he had committed his crime prior to July 1, 1977. In sentencing the convicted person, the court shall apply the sentencing rules of the Judicial Council. The court, unless it determines that there are circumstances in mitigation of the punishment prescribed, shall also impose any other term which it is required by law to impose as an additional term. Nothing in this article shall affect any provision of law which imposes the death penalty, which authorizes or restricts the granting of probation or suspending the execution or imposition of sentence, or expressly provides for imprisonment in the state prison for life. In any case in which the amount of preimprisonment credit under Section 2900.5 or any other provision of law is equal to or exceeds any sentence imposed pursuant to this chapter, the entire sentence, including any period of parole under Section 3000, shall be deemed to have been served and the defendant shall not be actually delivered to the custody of the Director of Corrections. However, any such sentence shall be deemed a separate prior prison term under Section 667.5, and a copy of the judgment and other necessary documentation shall be forwarded to the Director of Corrections.

(b) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime. At least four days prior to the time set for imposition of judgment, either party may submit a statement in aggravation or mitigation to dispute facts in the record or the probation officer's report, or to present additional facts. In determining whether there are circumstances that justify imposition of the upper or lower term, the court may consider the record in the case, the probation officer's report, other reports including reports received pursuant to Section 1203.03 and statements in aggravation or mitigation submitted by the prosecution or the defendant, and any further evidence introduced at the sentencing hearing. The court shall set forth on the record the facts and reasons for imposing the upper or lower term. The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed

Ch. 579 ]

under Section 667.5, 1170.1, 12022, 12022.5, 12022.6, or 12022.7. A term of imprisonment shall not be specified if imposition of sentence is suspended.

(c) The court shall state the reasons for its sentence choice on the record at the time of sentencing. The court shall also inform the defendant that as part of the sentence after expiration of the term he may be on parole for a period as provided in Section 3000.

(d) When a defendant subject to this section or subdivision (b) of Section 1168 has been sentenced to be imprisoned in the state prison and has been committed to the custody of the Director of Corrections, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the Director of Corrections or the Community Release Board, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. The resentence under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. Credit shall be given for time served.

(e) Any sentence imposed under this article shall be subject to the provisions of Sections 3000 and 3057 and any other applicable provisions of law.

(f) In all cases the Community Release Board shall, not later than one year after the commencement of the term of imprisonment, review the sentence and shall by motion recommend that the court recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he had not been previously sentenced if the board determines the sentence is disparate. The review under this section shall concern the decision to deny probation and the sentencing decisions enumerated in subdivisions (b), (c), (d), and (e) of Section 1170.3 and apply the sentencing rules of the Judicial Council and the information regarding the sentences in this state of other persons convicted of similar crimes so as to eliminate disparity of sentences and to promote uniformity of sentencing.

SEC. 30. Section 1170.2 of the Penal Code is amended to read:

1170.2. (a) In the case of any inmate who committed a felony prior to July 1, 1977, who would have been sentenced under Section 1170 if he had committed it after July 1, 1977, the Community Release Board shall determine what the length of time of imprisonment would have been under Section 1170 without consideration of good-time credit and utilizing the middle term of the offense bearing the longest term of imprisonment of which the prisoner was convicted increased by any enhancements justified by matters found to be true and which were imposed by the court at the time of sentencing for such felony. Such matters include: being armed with a deadly or dangerous weapon as specified in Section 211a, 460, 3024, or 12022 prior to July 1, 1977, which may result in a one-year

enhancement pursuant to the provisions of Section 12022, using a firearm as specified in Section 12022.5 prior to July 1, 1977, which may result in a two-year enhancement pursuant to the provisions of Section 12022.5, infliction of great bodily injury as specified in Section 213, 264, or 461 prior to July 1, 1977, which may result in a three-year enhancement pursuant to the provisions of Section 12022.7, any prior felony conviction as specified in any statute prior to July 1, 1977, which prior felony conviction is the equivalent of a prior prison term as defined in Section 667.5, which may result in the appropriate enhancement pursuant to the provisions of Section 667.5, and any consecutive sentence.

(b)  If the calculation required under subdivision (a) is less than the time to be served prior to a release date set prior to July 1, 1977, or if a release date had not been set, the Community Release Board shall establish that prisoner's parole date, subject to subdivision (d), on the date calculated under subdivision (a) unless at least two of the members of the Community Release Board after reviewing the prisoner's file, determine that due to the number of crimes of which the prisoner was convicted, or due to the number of prior convictions suffered by the prisoner, or due to the fact that the prisoner was armed with a deadly weapon when the crime was committed, or used a deadly weapon during the commission of the crime, or inflicted or attempted to inflict great bodily injury on the victim of the crime, the prisoner should serve a term longer than that calculated in subdivision (a), in which event the prisoner shall be entitled to a hearing before a panel consisting of at least two members of the Community Release Board as provided for in Section 3041.5. The Community Release Board shall notify each prisoner who is scheduled for such a hearing within 90 days of July 1, 1977, or within 90 days of the date the prisoner is received by or returned to the custody of the Department of Corrections, whichever is later. The hearing shall be held before April 1, 1978, or within 120 days of receipt of the prisoner, whichever is later. The board may by resolution extend this period an additional 90 days. However, such resolution shall have no force or effect if vetoed by resolution of either house of the Legislature. It is the intent of the Legislature that the hearings provided for in this subdivision shall be accomplished in the most expeditious manner possible. At such hearing, the prisoner shall be entitled to be represented by legal counsel, a release date shall be set, and the prisoner shall be informed in writing of the extraordinary factors specifically considered determinative and on what basis the release date has been calculated. In fixing a term under this section the board shall be guided by, but not limited to, the term which reasonably could be imposed on a person who committed a similar offense under similar circumstances on or after July 1, 1977, and further, the board shall be guided by the following finding and declaration hereby made by the Legislature: that the necessity to protect the public from repetition of extraordinary crimes of violence against the person is the paramount consideration.

(c)  Nothing in this section shall be deemed to keep an inmate in the custody of the Department of Corrections for a period of time longer than he would have been kept in its custody under the provisions of law applicable to him prior to July 1, 1977. Nothing in this section shall be deemed to require the release of an inmate sentenced to consecutive sentences under the provisions of law applicable to him prior to July 1, 1977, earlier than if he had been sentenced to concurrent sentences.

(d)  In the case of any prisoner who committed a felony prior to July 1, 1977, who would have been sentenced under Section 1170 and the felony was committed on or after July 1, 1977, the good behavior and participation provisions of Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall apply from July 1, 1977, and thereafter.

(e)  In the case of any inmate who committed a felony prior to July 1, 1977, who would have been sentenced under Section 1168 if the felony was committed on or after July 1, 1977, the Community Release Board shall provide for release from prison as provided for by this code.

(f)  In the case of any inmate who committed a felony prior to July 1, 1977, the length, conditions, revocation, and other incidents of parole shall be the same as if the prisoner had been sentenced for an offense committed on or after July 1, 1977.

(g)  Nothing in this chapter shall affect the eligibility for parole under Article 3 (commencing with Section 3040) of Chapter 8 of Title 1 of Part 3 of an inmate sentenced pursuant to Section 1168 if operative prior to July 1, 1977, for a period of parole as specified in subdivision (b) of Section 3000.

(h)  In fixing a term under this section, the Community Release Board shall utilize the terms of imprisonment as provided in Chapter 1139 of the Statutes of 1976, and Chapter 165 of the Statutes of 1977.

SEC. 31.  Section 1170.2 of the Penal Code is amended to read:

1170.2.  (a)  In the case of any inmate who committed a felony prior to July 1, 1977, who would have been sentenced under Section 1170 if he had committed it after July 1, 1977, the Community Release Board shall determine what the length of time of imprisonment would have been under Section 1170 without consideration of good-time credit and utilizing the middle term of the offense bearing the longest term of imprisonment of which the prisoner was convicted increased by any enhancements justified by matters found to be true and which were imposed by the court at the time of sentencing for such felony. Such matters include: being armed with a deadly or dangerous weapon as specified in Section 211h, 460, 302 or 12022 prior to July 1, 1977, which may result in a one-year enhancement pursuant to the provisions of Section 12022, using a firearm as specified in Section 12022.5 prior to July 1, 1977, which may result in a two-year enhancement pursuant to the provisions of Section 12022.5, infliction of great bodily injury as specified in Section 213, 264, or 461 prior to July 1, 1977, which may result in a three-year

enhancement pursuant to the provisions of Section 12022.7, any prior felony conviction as specified in any statute prior to July 1, 1977, which prior felony conviction is the equivalent of a prior prison term as defined in Section 667.5, which may result in the appropriate enhancement pursuant to the provisions of Section 667.5, and any consecutive sentence.

(b) If the calculation required under subdivision (a) is less than the time to be served prior to a release date set prior to July 1, 1977, or if a release date had not been set, the Community Release Board shall establish the prisoner's parole date, subject to subdivision (d), on the date calculated under subdivision (a) unless at least two of the members of the Community Release Board after reviewing the prisoner's file, determine that due to the number of crimes of which a prisoner was convicted, or due to the number of prior convictions suffered by the prisoner, or due to the fact that the prisoner was armed with a deadly weapon when the crime was committed, or used a deadly weapon during the commission of the crime, or inflicted or attempted to inflict great bodily injury on the victim of the crime, the prisoner should serve a term longer than that calculated in subdivision (a), in which event the prisoner shall be entitled to a hearing before a panel consisting of at least two members of the Community Release Board as provided for in Section 3041.5. The Community Release Board shall notify each prisoner who is scheduled for such a hearing within 90 days of July 1, 1977, or within 90 days of the date the prisoner is received by or returned to the custody of the Department of Corrections, whichever is later. The hearing shall be held before October 1, 1978, or within 120 days of receipt of the prisoner, whichever is later. It is the intent of the Legislature that the hearings provided for in this subdivision shall be accomplished in the most expeditious manner possible. At such hearing the prisoner shall be entitled to be represented by legal counsel, a release date shall be set, and the prisoner shall be informed in writing of the extraordinary factors specifically considered determinative and on what basis the release date has been calculated. In fixing a term under this section the board shall be guided by, but not limited to, the term which reasonably could be imposed on a person who committed a similar offense under similar circumstances on or after July 1, 1977, and further, the board shall be guided by the following finding and declaration hereby made by the Legislature: that the necessity to protect the public from repetition of extraordinary crimes of violence against the person is the paramount consideration.

(c) Nothing in this section shall be deemed to keep an inmate in the custody of the Department of Corrections for a period of time longer than he would have been kept in its custody under the provisions of law applicable to him prior to July 1, 1977. Nothing in this section shall be deemed to require the release of an inmate sentenced to consecutive sentences under the provisions of law applicable to him prior to July 1, 1977, earlier than if he had been

sentenced to concurrent sentences.

(d) In the case of any prisoner who committed a felony prior to July 1, 1977, who would have been sentenced under Section 1170 if the felony was committed on or after July 1, 1977, the good behavior and participation provisions of Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall apply from July 1, 1977, and thereafter.

(e) In the case of any prisoner who committed a felony prior to July 1, 1977, who would have been sentenced under Section 1168 if the felony was committed on or after July 1, 1977, the Community Release Board shall provide for release from prison as provided for by this code.

(f) In the case of any inmate who committed a felony prior to July 1, 1977, the length, conditions, revocation, and other incidents of parole shall be the same as if the prisoner had been sentenced for an offense committed on or after July 1, 1977.

(g) Nothing in this chapter shall affect the eligibility for parole under Article 3 (commencing with Section 3040) of Chapter 8 of Title 1 of Part 3 of an inmate sentenced pursuant to Section 1168 as operative prior to July 1, 1977, for a period of parole as specified in subdivision (b) of Section 3000.

(h) In fixing a term under this section, the Community Release Board shall utilize the terms of imprisonment as provided in Chapter 1139 of the Statutes of 1976 and Chapter 165 of the Statutes of 1977.

SEC. 32. Section 3046 of the Penal Code is amended to read.

3046. No prisoner imprisoned under a life sentence may be paroled until he has served at least seven calendar years. Where two or more life sentences are ordered to run consecutively to each other pursuant to Section 669, no prisoner so imprisoned may be paroled until he has served at least seven calendar years on each of the life sentences which are ordered to run consecutively. The Community Release Board shall, in considering a parole for such prisoner, consider all statements and recommendations which may have been submitted by the judge, district attorney, and sheriff, pursuant to Section 1203.01, or in response to notices given under Section 3042, and recommendations of other persons interested in the granting or denying of such parole. The board shall enter on its order granting or denying parole to such prisoners, the fact that such statements and recommendations have been considered by it.

SEC. 33. Section 4501 of the Penal Code is amended to read.

4501. Every person confined in a state prison of this state except one undergoing a life sentence who commits an assault upon the person of another with a deadly weapon or instrument, or by any means of force likely to produce great bodily injury, shall be guilty of a felony and shall be imprisoned in the state prison for two, four, or six years or sentenced to serve consecutively.

SEC. 34. Section 4501.5 of the Penal Code is amended to read.

4501.5. Every person confined in a state prison of this state who

STATUTES OF 1978

SEC. 16. Section 12312 of the Penal Code is amended to read:

12312. Every person who possesses any substance, material, or any destructive device or any explosive, with the intent to make any destructive device or any explosive without first obtaining a valid permit to make such destructive device or explosive, is guilty of a felony, and is punishable by imprisonment in the state prison for two, three, or four years.

SEC. 17. It is the intent of the Legislature, if this bill and Assembly Bill No. 2632 are both chaptered and become effective on or before January 1, 1979, both bills amend Section 1170.2 of the Penal Code, and this bill is chaptered after Assembly Bill No. 2632, that Section 1170.2 of the Penal Code, as amended by Section 1 of Assembly Bill No. 2632, be further amended on the effective date of this act to incorporate the changes in Section 1170.2 proposed by this bill. Therefore, if this bill and Assembly Bill No. 2632 are both chaptered and become effective on or before January 1, 1979, and Assembly Bill No. 2632 is chaptered before this bill and amends Section 1170.2, Section 31 of this act shall become operative on the effective date of this act and Section 30 of this act shall not become operative.

SEC. 18. This act shall apply prospectively only for crimes committed on or after January 1, 1979.

SEC. 19. If any provision of this act or the application thereof to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of the act which can be given effect without the invalid provision or application, and to this end the provisions of this act are severable.

CHAPTER 580

Approved by Governor September 5, 1978. Filed with Secretary of State September 6, 1978.

An act relating to burglary prevention, and making an appropriation therefor.

The people of the State of California do enact as follows:

SECTION 1. The Legislature finds and declares that:

The California Department of Justice reports that, in 1976, burglaries represented over one-half of all "seven major offenses" classified. From 1975 to 1976, residential burglaries increased by two-thirds and residential burglaries increased by two-thirds and non-residential burglaries. In 1976 residential burglaries comprised approximately two-thirds of all reported burglaries, and residential burglaries may be clustered at certain times of the year, and residential burglaries increased an average of 25 percent.

CHAPTER 580

nonresidential burglaries decreased 5.5 percent, and.

Forced and attempted forced entry burglary accounted for about 70 percent of all burglaries reported since 1971, and.

Burglary crimes of residences have increased from 24,000 in 1971 to 318,000 in 1976, and.

Many residential burglaries are not reported to the police, and reduced "burglaries will reduce homes' insurance" for the community, and.

Efforts by police departments, homeowner groups, and community organizations to encourage and assist homeowners to protect their homes from entry and their possessions from burglary are successful when implemented but limited by cost, and manpower, and.

Such antiburglary efforts also include printing and distributing brochures, which describe burglary prevention methods, and lectures by police officers which describe burglary prevention, and.

Marking valuable property for identification is the best protection for securing the future return of property in case it is stolen and discovered by law enforcement authorities.

SEC. 2. The sum of twenty thousand dollars ($20,000) is hereby appropriated from the General Fund to the Department of Justice without regard to fiscal years. The Department of Justice is hereby authorized to expend any of such funds in combination with grant of federal funds if such expenditure consists of at least 90 percent of federal funds not to exceed 10 percent state funds to operate a high crime, urban residential community to reduce crime and to assist residents who want to improve security in their home, and.

To encourage police officers to visit homes to conduct financial and psychological effects such activities may include, but need not be limited to, the following:

To print and distribute brochures to residents which describe burglary prevention methods.

To assist residents who want to improve security in their home, with the purchase and installation of doors and window locks.

The pilot project shall be completed one year after its commencement and the department shall report its findings to the Legislature within one year after the completion of the project.

The department may accept grants, contributions, and appropriations from federal, state, local or private sources for further the goals of the pilot project.

Assembly Bill 476
Stats, 1977
Chapter 145

Volume 1

# STATUTES OF CALIFORNIA

AND DIGESTS OF MEASURES

1977

Constitution of 1879 as Amended

General Laws, Amendments to the Codes, Resolutions
and Constitutional Amendments passed by the
California Legislature

1977–78 Regular Session



Compiled by
BION M. GREGORY
Legislative Counsel

the clerk shall notify the person, outpatient supervisor, attorney of record for the person, and the county mental health director or his designee of the calendared date. Upon failure of the person to appear as noticed, if a proper affidavit of service and advisement has been filed with the court, the court may issue a body attachment for such person. If, after a hearing in open court conducted with the same standards used in probation revocation hearings pursuant to Section 1203.2 of the Penal Code, the judge of the committing court determines that the person is a danger to the health and safety of others, he shall order the person returned to the state hospital or other facility to which he was committed or transferred pursuant to Section 6316.

The court shall transmit a copy of its order to the county mental health director or his designee. Such order shall be reviewable by a writ of habeas corpus only.

The person in charge of the facility in which an outpatient receives inpatient treatment shall notify the county mental health director or his designee of inpatient treatment provided to an outpatient under this section.

SEC. 5. The State Department of Health shall report to the Legislature by January 1, 1978, and again by June 30, 1978, on the utilization of the provisions of this act, including the number of petitions filed, sustained, and not sustained pursuant to Section 6316.2 of the Welfare and Institutions Code, and a summary of the evidence introduced at the trials for extended commitment. The reports shall also include a summary of the lengths of stay, both inpatient and outpatient, for persons committed as mentally disordered sex offenders.

(c) An outpatient who requires inpatient treatment pending determination of his outpatient status pursuant to subdivisions (c) and (d) shall receive such treatment subject to the provisions of Sections 5150, 5200, 5250, and 5300 of the Welfare and Institutions Code.

SEC. 6. This act is an urgency statute necessary for the immediate preservation of the public peace, health, or safety within the meaning of Article IV of the Constitution and shall go into immediate effect. The facts constituting such necessity are:

This act is designed to provide additional safeguards against the premature release of dangerous persons to operate in conjunction with other provisions of law which become operative on July 1, 1977, and should therefore take effect as soon as possible.

SEC. 7. This act shall become operative on July 1, 1977.

CHAPTER 165

An act to amend Section 25540 of the Corporations Code, and to amend Sections 11555 and 11556 of, and to repeal Sections 11563.5 of the Government Code, and to amend Section 1390 and 11383 of the Health and Safety Code, and to amend Section 1672 of the Military and Veterans Code, and to amend Sections 1481.1, 213, 480, 594, 596, 653h, 654, 664, 667.5, 969c, 969d, 1168, 1170, 1170.2, 1170.4, 1191, 1191.3, 1203.03, 1203.06, 1213.5, 1389.7, 2081.5, 2400, 2401.5, 2402, 2403, 2670, 2684, 2772, 2790, 2911, 2931, 2932, 3000, 3040, 3041, 3041.5, 3042, 3046, 3052, 3053, 3053.5, 3057, 3059, 3060, 3062, 3084, 4532, 4802, 4803, 4810, 4812, 4813, 4814, 4850, 4851, 4852.14, 4852.18, 5001, 5002, 5003.5, 5011, 5055, 5068, 5076.1, 5076.2, 5082, 6081, 11193, 11194, 12022, 12022.5, 12022.6, and 12022.7 of, to amend and renumber Section 11701a of, to add Article 3 (commencing with Section 2947) to Chapter 7 of Title 1 of Part 3 of, to repeal Section 1170.1, 1170.1b, 1389.3, 2399, 3043, 3044, 3050, 3054, and 3055 of, to repeal Article 2 (commencing with Section 2920) of Chapter 7 of Title 1 of Part 3, Article 2 (commencing with Section 3020) of Chapter 8 of Title 1 of Part 3, and Article 4 (commencing with Section 3100) of Chapter 8 of Title 1 of Part 3 of, the Penal Code, and to amend Section 11483 of the Welfare and Institutions Code, relating to imprisonment, making an appropriation therefor, and declaring the urgency thereof to take effect immediately.

[Approved by Governor June 29, 1977. Filed with Secretary of State June 29, 1977.]

The people of the State of California do enact as follows:

SECTION 1. Section 25540 of the Corporations Code is amended to read:

25540. Any person who willfully violates any provision of this title, or who willfully violates any rule or order under this law, shall upon conviction be fined not more than ten thousand dollars ($10,000), imprisoned in the state prison, or in a county jail for not more than one year, or be punished by both such fine and imprisonment; but no person may be imprisoned for the violation of any rule or order if he proves that he had no knowledge of the rule or order.

SEC. 1.5. Section 11555 of the Government Code is amended to read:

11555. An annual salary of twenty-six thousand two hundred fifty dollars ($26,250) shall be paid to the following:

(a) Chairman of the Community Release Board.
(b) Chairman of the Board of Equalization.
(c) Chairman of the State Water Resources Control Board.
(d) Chairman of the Youth Authority Board.

SEC. 2. Section 11556 of the Government Code is amended to read:

(f) A prior conviction of a felony shall include a conviction in another jurisdiction for an offense which if committed in California is punishable by imprisonment in state prison provided the defendant served one year or more in prison for such offense in the other jurisdiction. A prior conviction of a particular felony shall include a conviction in another jurisdiction for an offense which includes all of the elements of the particular felony as defined under California law provided the defendant served one year or more in prison for such offense in the other jurisdiction.

(g) A prior separate prison term for the purposes of this section shall mean a continuous completed period of prison incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes, including any reimprisonment on revocation of parole which is not accompanied by a new commitment to prison, and including any reimprisonment after escape from such incarceration.

(h) Serving a prison term includes any confinement time in any state prison or federal penal institution as punishment for commission of an offense, including confinement in a hospital or other institution or facility credited as service of prison time in the jurisdiction of such confinement.

SEC. 13.3. Section 969c of the Penal Code is amended to read:

969c. Whenever such circumstances as to bring such defendant within the operation of Section 12022 the fact that the defendant so used a weapon or was armed with a firearm may be charged in the accusatory pleading. This charge, if made, shall be added to and be a part of the count or each of the counts of the accusatory pleading which charge the offense at the time of the commission of which the defendant used a weapon or was armed with a firearm. That portion of any count which charges that the defendant used a weapon or was armed with a firearm shall be sufficient if it can be understood therefrom that at the time of his commission of the offense set forth in the count, the defendant used a weapon or was armed with a firearm. The nature of the weapon or firearm must be set forth. One such charge may name more than one weapon or firearm. If the defendant pleads not guilty of the offense charged in any count which alleges that the defendant used a weapon or was armed with a firearm, the question whether or not he used a weapon or was armed with a firearm as alleged must be tried by the court or jury which tries the issue upon the plea of not guilty. If the defendant pleads guilty of the offense charged the question whether or not he used a weapon or was armed with a firearm as alleged must be determined by the court before pronouncing judgment.

SEC. 13.5. Section 969d of the Penal Code is amended to read:

969d. Whenever a defendant used a firearm as recited in Section 12022.5, the fact that the defendant used a firearm may be charged in the accusatory pleading. This charge, if made, shall be added and be a part of the count or each of the counts of the accusatory pleading which charged the offense. That portion of any count which charges that the defendant used a firearm shall be sufficient if it can be understood therefrom that at the time of his commission of the offense set forth in the count the defendant used a firearm. The nature of the firearm must be set forth. One such charge may name more than one firearm. If the defendant pleads not guilty of offense charged in any count which alleges that the defendant used a firearm, the question whether or not he used a firearm as alleged must be tried by the court or jury which tries the issue upon the plea of not guilty. If the defendant pleads guilty of the offense charged the question whether or not he used a firearm as alleged must be determined by the court before pronouncing judgment.

SEC. 14. Section 1168 of the Penal Code is amended to read:

1168. (a) Every person who commits a public offense, for whom any specification of three time periods of imprisonment in any prison is now prescribed by law shall, unless such convicted person be placed on probation, a new trial granted, or the imposition of sentence suspended, be sentenced pursuant to Chapter ... (commencing with Section 1170) of Title 7 of Part 2.

(b) For any person not sentenced under such provision, but ... is sentenced to be imprisoned in the state prison, including imprisonment not exceeding one year and one day, the ... imposing the sentence shall not fix the term or duration of the ... of imprisonment.

SEC. 15. Section 1170 of the Penal Code is amended to read:

1170. (a) (1) The Legislature finds and declares that the purpose of imprisonment for crime is punishment. This purpose is best ... by terms proportionate to the seriousness of the offense ... provision for uniformity in the sentences of offenders comm... the same offense under similar circumstances. The Legis... further finds and declares that the elimination of disparity and provision of uniformity of sentences can best be achieved ... determinate sentences fixed by statute in proportion to ... seriousness of the offense as determined by the Legislature ... imposed by the court with specified discretion.

(2) In any case in which the punishment prescribed by statute ... a person convicted of a public offense is a term of imprisonment ... the state prison of 16 months, two or three years, two, three or ... years; three, four or five years; five, six, or seven years; or any s... specification of three time periods, the court shall sentence ... defendant to one of the terms of imprisonment specified unless ... convicted person is given any other disposition provided by ... including a fine, jail, probation or the suspension of imposin... execution of sentence or is sentenced pursuant to subdivision ... Section 1168 because he had committed his crime prior to ...

1977. In sentencing the convicted person, the court shall apply the sentencing rules of the Judicial Council. The court, unless it determines that there are circumstances in mitigation of the punishment prescribed, shall also impose any other term which it is required by law to impose as an additional term. Nothing in this article shall affect any provision of law which imposes the death penalty, which authorizes or restricts the granting of probation or suspending the execution or imposition of sentence, or expressly provides for imprisonment in the state prison for life. In any case in which the amount of preimprisonment credit under Section 2900.5 or any other provision of law is equal to or exceeds any sentence imposed pursuant to this chapter, the entire sentence, including any period of parole under Section 3000, shall be deemed to have been served and the defendant shall not be actually delivered to the custody of the Director of Corrections. However, any such sentence shall be deemed a separate prior prison term under Section 667.5, and a copy of the judgment and other necessary documentation shall be forwarded to the Director of Corrections.

(b) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime. At least four days prior to the time set for imposition of judgment, either party may submit a statement in aggravation or mitigation to dispute facts in the record or the probation officer's report, or to present additional facts. In determining whether there are circumstances that justify imposition of the upper or lower term, the court may consider the record in the case, the probation officer's report, other reports including reports received pursuant to Section 1203.03 and statements in aggravation or mitigation submitted by the prosecution or the defendant, and any further evidence introduced at the sentencing hearing. The court shall set forth on the record the facts and reasons for imposing the upper or lower term. The court may not impose an upper term by using the same fact used to enhance the sentence under Section 667.5, 1170.1, 12022, 12022.5, 12022.6, or 12022.7. A term of imprisonment shall not be specified if imposition of sentence is suspended.

(c) The court shall state the reasons for its sentence choice on the record at the time of sentencing. The court shall also inform the defendant that as part of the sentence after expiration of the term he may be on parole for a period as provided in Section 3000.

(d) When a defendant subject to this section or subdivision (b) of Section 1168 has been sentenced to be imprisoned in the state prison and has been committed to the custody of the Director of Corrections, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the Director of Corrections or the Community Release Board, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he

had not previously been sentenced, provided the new sentence, any, is no greater than the initial sentence. The resentence under subdivision shall apply the sentencing rules of the Judicial Council as to eliminate disparity of sentences and to promote uniformity of sentencing. Credit shall be given for time served.

(e) Any sentence imposed under this article shall be subject to the provisions of Sections 3000 and 3057 and any other applic... provisions of law.

(f) In all cases the Community Release Board shall, not later than one year after the commencement of the term of imprisonment, review the sentence and shall by motion recommend that the court recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he had not previously sentenced if the board determines the senten... disparate. The review under this section shall concern the de... to deny probation and the sentencing decisions enumer... subdivisions (b), (c), (d), and (e) of Sections 1170.3 and app... sentencing rules of the Judicial Council and the inform... regarding the sentences in this state of other persons convic... similar crimes so as to eliminate disparity of sentences a... promote uniformity of sentencing.

SEC. 16.    Section 1170.1 of the Penal Code is repealed.

SEC. 17.    Section 1170.1a of the Penal Code is amende... renumbered to read:

1170.1. (a) Except as provided in subdivision (b) and sub... Section 654, when any person is convicted of two or more fe... whether in the same proceeding or court or in different proce... or courts, and whether by judgment rendered by the same c... different court, and a consecutive term of imprisonment is... under Sections 669 and 1170, the aggregate term of imprisonm... all such convictions shall be the sum of the principal ter... subordinate term and any additional term imposed purs... Section 667.5. The principal term shall consist of the greatest... imprisonment imposed by the court for any of the crimes, inc... any enhancements imposed pursuant to Section 12022, 12022.5 or 12022.6, or 12022.7. The subordinate term for each cons... offense shall consist of one-third of the middle term of impris... prescribed for each other felony conviction for which a cons... term of imprisonment is imposed, and shall exclud... enhancements when the consecutive offense is not li... subdivision (c) of Section 667.5, but shall include one-third... enhancement imposed pursuant to Section 12022, 12022.5 or... when the consecutive offense is listed in subdivision (c) of... 667.5. In no case shall the total of subordinate terms for cons... offenses not listed in subdivision (c) of Section 667.5 exce... years.

(b) In the case of any person convicted of one or more f... committed while such person is confined in a state priso... subject to reimprisonment for escape from such custody and...

either requires the terms to be served consecutively or the court imposes consecutive terms, the term of imprisonment for all such convictions which such person is required to serve consecutively shall commence from the time such person would otherwise have been released from prison. If the new offenses are consecutive with each other, the principal and subordinate terms shall be calculated as provided in subdivision (a), except that the total of subordinate terms may not exceed five years. The provisions of this subdivision shall be applicable in cases of convictions of more than one offense in different proceedings, and convictions of more than one offense in the same or different proceedings.

(c) When the court imposes a prison sentence for a felony pursuant to Section 1170 the court shall also impose the additional terms provided in Sections 667.5, 12022, 12022.5, 12022.6, and 12022.7, unless the additional punishment therefore is stricken pursuant to subdivision (g). The court shall also impose any other additional term which the court determines in its discretion or as required by law shall run consecutive to the term imposed under Section 1170. In considering the imposition of such additional terms, the court shall apply the sentencing rules of the Judicial Council.

(d) When two or more enhancements under Sections 12022, 12022.5, and 12022.7 may be imposed for any single offense, only the greatest enhancement shall apply; however, in cases of robbery, rape or burglary, or attempted robbery, rape or burglary the court may impose both (1) one enhancement for weapons as provided in either Section 12022 or 12022.5 and (2) an enhancement for great bodily injury as provided in Section 12022.7.

(e) The enhancements provided in Sections 667.5, 12022, 12022.5, 12022.6, and 12022.7 shall be pleaded and proven as provided by law.

(f) The term of imprisonment shall not exceed twice the number of years imposed by the trial court as the base term, pursuant to subdivision (b) of Section 1170 unless the defendant stands convicted of a felony described in subdivision (c) of Section 667.5, or a consecutive sentence is being imposed pursuant to subdivision (b) of this section, or an enhancement is imposed pursuant to Section 12022, 12022.5, 12022.6 or 12022.7.

(g) Notwithstanding any other provision of law, the court may strike the additional punishment for the enhancements provided in Sections 667.5, 12022, 12022.5, 12022.6, and 12022.7 if it determines that there are circumstances in mitigation of the additional punishment and states on the record its reasons for striking the additional punishment.

SEC. 17.5.  Section 1170.1b of the Penal Code is repealed.

SEC. 18.  Section 1170.2 of the Penal Code is amended to read:

1170.2.  (a)  In the case of any inmate who committed a felony prior to July 1, 1977, who would have been sentenced under Section 1170 if he had committed it after July 1, 1977, the Community Release Board shall determine what the length of time of imprisonment would have been under Section 1170 without consideration of

good-time credit and utilizing the middle term of the offense bearing the longest term of imprisonment of which the prisoner was convicted increased by any enhancements justified by matters found to be true and which were imposed by the court at the time sentencing for such felony. Such matters include: being armed with a deadly or dangerous weapon as specified in Section 211a, 460, 3024 or 12022 prior to July 1, 1977, which may result in a one-year enhancement pursuant to the provisions of Section 12022; using a firearm as specified in Section 12022.5 prior to July 1, 1977, which may result in a two-year enhancement pursuant to the provisions of Section 12022.5; infliction of great bodily injury as specified in Section 213, 264, or 461 prior to July 1, 1977, which may result in a three-year additional punishment pursuant to the provisions of Section 12022.7; any prior felony conviction as specified in any statute prior to July 1, 1977, which prior felony conviction is the equivalent of a prior prison term as defined in Section 667.5, which may result in the appropriate enhancement pursuant to the provisions of Section 667.5; and a consecutive sentence.

(b)  If the calculation required under subdivision (a) is less than the time to be served prior to a release date set prior to July 1, 1977, or if a release date had not been set, the Community Release Board shall establish the prisoner's parole date, subject to subdivision (d), on its date calculated under subdivision (a) unless at least two of the members of the Community Release Board after reviewing the prisoner's file, determine that due to the number of crimes of which the prisoner was convicted, or due to the number of prior convictions suffered by the prisoner, or due to the fact that the prisoner was armed with a deadly weapon when the crime was committed, used a deadly weapon during the commission of the crime, inflicted or attempted to inflict great bodily injury on the victim of the crime, the prisoner should serve a term longer than that calculated in subdivision (a), in which event the prisoner shall be entitled to a hearing before a panel consisting of at least two members of the Community Release Board as provided for in Section 3041.5. The Community Release Board shall notify each prisoner who is scheduled for such a hearing within 90 days of July 1, 1977, or within 90 days of the date the prisoner is received by or returned to the custody of the Department of Corrections, whichever is later. The hearing shall be held before April 1, 1978, or within 120 days of receipt of the prisoner, whichever is later. The board may resolution extend this period an additional 90 days. However, such resolution shall have no force or effect if vetoed by resolution of either house of the Legislature. It is the intent of the Legislature that the hearings provided for in this subdivision shall be accomplished in the most expeditious manner possible. At such hearing the prisoner shall be entitled to be represented by legal counsel, a release date shall be set, and the prisoner shall be informed in writing of the extraordinary factors specifically considered determinative and what basis the release date has been calculated. In fixing a ter

SENATE Bill 42
Stats. 1976
Chapter 1139

Ex "A" 7 pages

# STATUTES OF CALIFORNIA

## AND DIGESTS OF MEASURES

Volume 3

### 1976

Constitution of 1879 as Amended

Measures Submitted to Vote of Electors,
Primary Election, June 8, 1976,
and General Election, November 2, 1976

General Laws, Amendments to the Codes, Resolutions,
and Constitutional Amendments passed by the
California Legislature

1975–76 Regular Session



Compiled by
BION M. GREGORY
Legislative Counsel

Wildlife Protection Branch of the Department of Fish and Game.

SEC. 7. It is the intent of the Legislature, if this bill and Senate Bill No. 42 are both chaptered and become effective January 1, 1977, both bills amend Section 241 of the Penal Code, and this bill is chaptered after Senate Bill No. 42, that Section 241 of the Penal Code, as amended by Section 1 of this act shall remain operative only until the operative date of Senate Bill No. 42, and that on the operative date of Senate Bill No. 42 Section 241 of the Penal Code as amended by Section 1 of this act be further amended in the form set forth in proposed Section 2 of this act to incorporate the changes in Section 241 chaptered and become operative only if this bill and Senate Bill No. 42, Section 241, and this bill is chaptered after Senate Bill No. 42, which case Section 2 of this act shall become operative on the erative date of Senate Bill No. 42.

SEC. 8. It is the intent of the Legislature, if this bill and Senate Bill No. 42 are both chaptered and become effective January 1, 1977, both bills amend Section 243 of the Penal Code, and this bill is chaptered after Senate Bill No. 42, that Section 243 of the Penal Code, as amended by Section 3 of this act shall remain operative only until the operative date of Senate Bill No. 42, and that on the operative date of Senate Bill No. 42 Section 243 of the Penal Code as amended by Senate Bill No. 42, Section 3 of this act to incorporate the changes in Section 243 proposed by Senate Bill No. 42. Therefore, Section 4 of this act shall become effective only if this bill and Senate Bill No. 42 are both chaptered and become effective after Senate Bill No. 42, in which case Section 4 of this act shall become operative on the operative date of Senate Bill No. 42.

SEC. 9. It is the intent of the Legislature, if this bill and Senate ...ill No. 42 are both chaptered and become effective January 1, 1977, ...th bills amend Section 245 of the Penal Code, and this bill is chaptered after Senate Bill No. 42, that Section 245 of the Penal Code, as amended by Section 5 of this act shall remain operative only until the operative date of Senate Bill No. 42, and that on the operative date of Senate Bill No. 42 Section 245 of the Penal Code as amended by Section 5 of this act be further amended in the form set forth in proposed Section 6 of this act to incorporate the changes in the form set forth in proposed Section 6 of this act to incorporate the changes in Section 245 chaptered and become operative only if this bill and Senate Bill No. 42 are both chaptered and become operative only if this bill and Senate Bill No. 42, Section 245, and this bill is chaptered after Senate Bill No. 42, in which case Section 6 of this act shall become operative on the operative date of Senate Bill No. 42.

## CHAPTER 1139

An act to amend Sections 585, 1701, 2141.5, 4390, 10236.6, and 11023 of the Business and Professions Code, to amend Sections 2985.2 and 2985.3 of the Civil Code, to amend Sections 22255, 2256, 22002, 25540, 25541, 27203, 29102, 29570, 31410, 31411, and 35501 of the Corporations Code, to amend Sections 25393 and 29042 of the Education Code, to amend Sections 220, 12012, 14720, 14722, 15280, 29001, 29002, 29100, 29101, 29102, 29160, 29214, 29215, 29216, 29217, 29218, 29219, 29920, 29921, 29922, 29923, 29924, 29925, 29926, 29927, 29400, 29430, and 29431 of the Elections Code, to amend Sections 3551, 3532, 5018, 5019, 5603, 5606, and 5809 of the Financial Code, to amend Sections 17701, 18932, 18933, 19440, and 19441 of the Food and Agricultural Code, to amend Sections 1097, 1369, 1855, 3109, 6800, 6801, 9056, 14432, and 27443 of the Government Code, to amend Sections 304, 305, and 306 of the Harbors and Navigations Code, to amend Sections 1715, 7051, 11350, 11351, 11352, 11353, 11354, 11355, 11357, 11358, 11359, 11360, 11361, 11363, 11366, 11368, 11371, 11377, 11378, 11379, 11380, 11382, and 11383 of the Health and Safety Code, to amend Sections 556, 833, 1043, 1215.10, 1764.7, 1814, 11161, and 12660 of the Insurance Code, to amend Section 7771 of the Labor Code, to amend Section 1673 of the Military and Veterans Code, to amend Sections 18, 33, 38, 67, 68, 69, 71, 72, 85, 86, 92, 93, 95, 96, 99, 100, 107, 109, 110, 126, 136, 142, 148.1, 148.3, 148.4, 149, 153, 156, 157, 165, 171c, 171d, 181, 182, 190, 193, 204, 208, 209, 210, 211a, 213, 216, 217, 217.1, 218, 219, 219.1, 219.2, 220, 221, 226, 227, 237, 241, 243, 244, 245, 246, 264, 264.1, 265, 266, 266a, 266b, 266c, 266i, 266j, 267, 268, 273a, 273d, 274, 275, 278, 278.5, 283, 284, 285, 286, 286.1, 288, 288a, 288b, 311.9, 313.4, 314, 314a, 337b, 337c, 337d, 337e, 337f, 337i, 337.3, 337.7, 347, 375, 382.5, 382.6, 405b, 424, 447a, 448a, 449c, 450c, 452, 454, 460, 461, 464, 470a, 470b, 473, 474, 475, 475a, 476, 476a, 478, 479, 484b, 484i, 487b, 487d, 489, 496, 496a, 499c, 499d, 500, 505b, 514, 500, 524, 532, 533, 535, 540, 541, 542, 543, 548, 560, 560.4, 577, 578, 580, 581, 587, 591, 593, 597, 606, 610, 617, 620, 625b, 626.9, 631, 632, 634, 635, 637, 647a, 653f, 654, 664, 666, 668, 1168, 1319.4, 2042, 3025, 3043, 3065, 4501, 4501.5, 4502, 4503, 4530, 4532, 4533, 4535, 4550, 4574, 4600, 5075, 5076, 5077, 5080, 5081, 5082, 6133, 11401, 12020, 12021, 12022, 12022.5, 12025, 12090, 12200, 12303, 12303.1, 12303.2, 12303.6, 12204, 12208, 12209, 12312, 12420, 12422, 12520, and 12560 of, to add Section 667.5 to, to add Chapter 4.5 (commencing with Section 1170) to Title 7 of Part 2, Article 2.5 (commencing with Section 2930) to Chapter 7 of Title 1 of Part 3 of, to add Sections 3057, 3041.5, 3041.7, 5078, 12022.6, and 12022.7 to, to add and repeal Section 190.5 of, and to repeal Sections 18a, 18b, 644, 667, 671, 1168a, 1202b, 3024, 3047, 3047.5, 3048, 3048.5 as added by Chapter 934 of the 1945 Statutes, as added by Chapter 1381 of the 1947 Statutes, and 5078, to repeal Article 1 (commencing with Section 3000) of Chapter 8 of Title 1 of Part 3, and Chapter 5.5 (commencing with Section 6035) of Title 7

STATUTES OF CALIFORNIA [Ch. 1139

They are punishable as follows:

When they conspire to commit any crime against the person of any official specified in subdivision 6, they are guilty of a felony and are punishable by imprisonment in the state prison for five, six or seven years.

When they conspire to commit any other felony, they shall be punishable in the same manner and to the same extent as is provided for the punishment of the said felony. If the felony is one for which different punishments are prescribed for different degrees, the jury or court which finds the defendant guilty thereof shall determine the degree of the felony defendant conspired to commit. If the degree is not so determined, the punishment for conspiracy to commit such felony shall be that prescribed for the lesser degree, except in the case of conspiracy to commit murder, in which case the punishment shall be that prescribed for murder in the first degree.

If the felony is conspiracy to commit two or more felonies which have different punishments and the commission of such felonies constitute but one offense of conspiracy, the penalty shall be that prescribed for the felony which has the greater maximum term.

When they conspire to do an act described in subdivision 4 of this section, they shall be punishable by imprisonment in the state prison, or by imprisonment in the county jail for not more than one year, or by a fine not exceeding five thousand dollars ($5,000), or both.

When they conspire to do any of the other acts described in this section they shall be punishable by imprisonment in the state prison, or in the county jail for not more than one year, or in the state prison, or by a fine not exceeding five thousand dollars ($5,000), or both.

All cases of conspiracy may be prosecuted and tried in the superior court of any county in which any overt act tending to effect such conspiracy shall be done.

SEC. 133. Section 190 of the Penal Code is amended to read:

190. Every person guilty of murder in the first degree shall suffer death if any one or more of the special circumstances enumerated in Section 190.2 have been charged and found to be true in the manner provided in Section 190.1. Every person otherwise guilty of murder in the first degree shall suffer confinement in the state prison for life, unless he or she is guilty of murder in the first degree which is perpetrated by means of torture with the intent to kill, in which case he or she shall suffer confinement in the state prison without the possibility of parole. Every person guilty of murder in the second degree is punishable by imprisonment in the state prison for five, six, or seven years.

SEC. 133.5 Section 190.5 is added to the Penal Code, to read:

190.5 Every person guilty of murder in the first degree shall suffer death if any one or more of the special circumstances enumerated in Section 190.2 have been charged and found to be true in the manner provided in Section 190.1. Every person otherwise guilty of murder in the first degree shall suffer confinement in the state prison for life. Every person guilty of murder in the second

Ch. 113..]    STATUTES OF 1976    5099

degree is punishable by imprisonment in the state prison for five, six, or seven years.

SEC. 134. Section 193 of the Penal Code is amended to read:

193. Manslaughter is punishable by imprisonment in the state prison for two, three or four years, except that a violation of subsection 3 of Section 192 of this code is punishable as follows: In the case of a violation of subdivision (a) of said subsection 3 the punishment shall be either by imprisonment in the county jail for no more than one year or in the state prison, and in such case the jury may recommend by their verdict that the punishment shall be by imprisonment in the county jail; in the case of a violation of subdivision (b) of said subsection 3, the punishment shall be by imprisonment in the county jail for not more than one year. In case where, as authorized in this section, the jury recommends by their verdict that the punishment shall be by imprisonment in the county jail, the court shall not have authority to sentence the defendant to imprisonment in the state prison, but may nevertheless place the defendant on probation as provided in this code.

SEC. 135. Section 204 of the Penal Code is amended to read:

204. Mayhem is punishable by imprisonment in the state prison for two, three or four years.

SEC. 136. Section 208 of the Penal Code is amended to read:

208. Kidnapping is punishable by imprisonment in the state prison for three, four or five years.

SEC. 136.5. Section 209 of the Penal Code is amended to read:

209. (a) Any person who seizes, confines, inveigles, decoys, abducts, conceals, kidnaps or carries away any individual by any means whatsoever with intent to hold or detain, or who holds or detains such individual for ransom, reward or to commit extortion or to exact from relatives or friends of such person any money or valuable thing, or any person who aids or abets any such act, is guilty of a felony and upon conviction thereof shall suffer death in cases in which any person subjected to any such act suffers death, or shall be punished by imprisonment in the state prison for life without possibility of parole in cases in which any person subjected to any such act suffers bodily harm, or shall be punished by imprisonment in the state prison for life with the possibility of parole in cases where no such person suffers death or bodily harm.

(b) Any person who kidnaps or carries away any individual to commit robbery shall be punished by imprisonment in the state prison for life with possibility of parole.

SEC. 137. Section 210 of the Penal Code is amended to read:

210. Every person who for the purpose of obtaining any ransom or reward, or to extort or exact from any person any money or thing of value, poses as, or in any manner represents himself to be a person who has seized, confined, inveigled, enticed, decoyed, abducted, concealed, kidnapped or carried away any person, or who poses as, or in any manner represents himself to be a person who holds, or in any manner represents such person, or who poses as, or in any manner represe

1138   STATUTES OF CALIFORNIA   [Ch. 1139

in which the defendant has remained free of prison custody and free of felony conviction for 10 years immediately preceding the filing of an accusatory pleading that results in such felony conviction. However, if the court determines that there are circumstances in mitigation of the additional punishment prescribed, the court may strike the additional punishment, provided that reasons therefor are stated on the record.

(e) For the purpose of this section "violent felony" shall mean any of the following crimes for which the defendant served a separate prison term:

(1) Murder or voluntary manslaughter
(2) Mayhem
(3) Forcible rape as defined in subdivisions (2), (3), and (4) of Section 261
(4) Sodomy by force, violence, duress, menace, or threat of great bodily harm
(5) Oral copulation by force, violence, duress, menace, or threat of great bodily harm
(6) Kidnapping as defined in Section 209
(7) Lewd acts on a child under 14 as defined in Section 288
(8) Any other felony in which the defendant inflicts great bodily injury on any person other than accomplices has been alleged and proved as provided for in Section 12022.7 if convicted after the effective date of this section or as specified prior to the effective date of this section in Sections 213, 264, and 461.

The Legislature finds and declares that those specified crimes merit special consideration when imposing a sentence to display society's condemnation for such extraordinary crimes of violence against the person.

(d) The additional penalties provided for prior prison terms shall not be imposed unless they are charged and admitted or found true in the action for the new offense.

(c) The additional penalties provided for prior prison terms shall not be imposed for any felony for which the defendant did not serve

is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison term therefor, the trial court shall, unless specifically not ordered by the court with reasons therefor stated on the record, impose a one-year term for each prior separate prison term served for any felony; provided that no additional term shall be imposed under this subdivision in any case in which the defendant has remained free of prison custody for five years immediately preceding the filing of an accusatory pleading that results in a new felony conviction. For the purposes of this subdivision the defendant shall be deemed to remain in prison custody for an offense until the official discharge from such custody or until release on parole whichever first occurs including any time during which the defendant remains subject to arrest for escape from such custody.

Ch. 113   STATUTES OF 1976   513

a prior separate prison term which was at least one year in duration.

(f) A prior conviction of a felony shall include a conviction in another jurisdiction for an offense which if committed in California is punishable by imprisonment in state prison provided the defendant served one year or more in prison for such offense in the other jurisdiction. A prior conviction of a particular felony shall include a conviction in another jurisdiction for an offense which includes all of the elements of the particular felony as defined under California law provided the defendant served one year or more in prison for such offense in the other jurisdiction.

(g) A continuous completed period of prison incarceration imposed for the particular offense alone or in combination with sentences for other counts or sentences to be served concurrently or consecutively therewith including any reimprisonment for escape from such incarceration or new commitment for escape from such incarceration shall be deemed a single prior separate term for purposes of this section.

(h) Serving a prison term includes time spent in any state prison or federal penal institution as punishment for commission of an offense including time spent in a hospital or other institution or facility credited as service of prison time in the jurisdiction of such service.

SEC. 269. Section 663 of the Penal Code is amended to read:
663. Every person who has been convicted in any other state government, country, or jurisdiction of an offense for which committed within this state, such person could have been punished under the laws of this state by imprisonment in a state prison punishable for any subsequent crime committed within this state in the manner prescribed by law and to the same extent as if such prior conviction had taken place in a court of this state.

SEC. 270. Section 671 of the Penal Code is repealed.

SEC. 271. Section 1168 of the Penal Code is amended to read:
1168. (a) Every male convicted of a public offense, for which determinate period of imprisonment in any state prison is prescribed by law shall, unless such convicted person be placed probation, a new trial granted, or the imposing of sentence suspended be sentenced pursuant to Chapter 4.5 (commencing Section 1170) of Title 7 of Part 2. For any male not sentenced under such provision, but who is sentenced to be imprisoned in the state prison the court in imposing the sentence shall not fix the term duration of the period of imprisonment.

(b) Every female convicted of a public offense, for which determinate period of imprisonment in any state prison is prescribed by law shall, unless such convicted female is placed probation, a new trial granted, or the imposing of sentence suspended be sentenced pursuant to Chapter 4.5 (commencing Section 1170) of Title 7 of Part 2. For any female not sentenced under such provisions, but who is sentenced to detention at the California Institution for Women the court in imposing the sentence shall

fix the term or duration of the period of imprisonment.

SEC. 272.5.  Section 1168a of the Penal Code is repealed.

SEC. 273.  Chapter 4.5 (commencing with Section 1170) is added to Title 7 of Part 2 of the Penal Code, to read:

## CHAPTER 4.5.    TRIAL COURT SENTENCING

### Article 1.  Initial Sentencing

1170.  (a) (1) The Legislature finds and declares that the purpose of imprisonment for crime is punishment. This purpose is best served by terms proportionate to the seriousness of the offense with provision for uniformity in the sentences of offenders committing the same offense under similar circumstances. The Legislature further finds and declares that the elimination of disparity and the provision of uniformity of sentences can best be achieved by determinate sentences fixed by statute in proportion to the seriousness of the offense as determined by the Legislature to be imposed by the trial court with specified discretion.

(2)  In any case in which the punishment prescribed by statute for a person convicted of a public offense is a term of imprisonment in the state prison of 16 months, two or three years, two, three or four years; three, four or five years; five, six or seven years, or any other specification of three time periods, the trial court shall sentence the defendant to one of the terms of imprisonment specified unless such convicted person is given any other disposition provided by law, including a fine, jail, probation or the suspension of imposition or execution of sentence. In sentencing the convicted person, the court shall apply the sentencing rules of the Judicial Council. The trial court, unless it determines that there are circumstances justifying the imposition of the punishment prescribed, shall also impose any other prison sentence which it is required by law to impose as an additional prison sentence. Nothing in this article shall affect any provision of law which imposes the death penalty, which authorizes or restricts the granting of probation or suspending the execution or imposition of sentence, or expressly provides for imprisonment in the state prison for life.

(b)  When a judgment of imprisonment is entered the court shall order the imposition of the middle of the three possible terms of imprisonment, unless there are circumstances in aggravation or mitigation of the crime. Such circumstances shall only be considered if set forth in a motion made prior to or at the time set for sentencing. The upper term may be imposed only when the circumstances alleged to be in aggravation of the crime are found to be true by the trial judge upon the evidence introduced at the hearing on the motion and any evidence previously heard by the judge at the trial, and factual findings and reasons in support thereof are set forth on the record at the time of sentencing. In no case shall the court impose an upper term upon a finding of any fact used to enhance the sentence under

Section 667.5, 1170.1a, 12022, 12022.5, 12022.6, or 12022.7. In no event shall any fact be used twice to determine, aggravate, or enhance a sentence. The lower term may be imposed only when circumstances alleged in mitigation of the crime are found to be true by the trial judge upon the evidence introduced at the hearing on the motion and any evidence previously heard by the judge at the trial, and factual findings and reasons in support thereof are set forth on the record at the time of sentencing.

(c)  When a defendant subject to this section has been sentenced to be imprisoned in the state prison and has been committed to the custody of the Director of Corrections, the sentencing court may, within 120 days of the date of commitment, on its own motion recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. The resentence under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. Credit shall be given for time served.

(d)  Any sentence imposed under this article shall be subject to provisions of subdivision (a) of Section 3000 and any other applicable provisions of law.

1170.1.  The trial judge shall state the reasons for his sentence choice on the record at the time of sentencing. The trial judge shall also inform the defendant that after the expiration of his sentence he shall be on parole for a period of up to one year unless for good cause parole is waived as provided in Section 3000.

1170.1a.  (a) Except as provided in subdivisions (b) and (c) subject to Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, and the second or subsequent judgment imposes a consecutive term of imprisonment under Sections 669 and 1170, the aggregate term of imprisonment all such convictions shall be the greatest term of imprisonment imposed by the judge for any of the crimes, including enhancements which are imposed pursuant to Sections 12022, 12022.5, 12022.6, and 12022.7 plus one-third of the middle term imprisonment prescribed for each other felony convictions for which a consecutive term of imprisonment is imposed without enhancements. The court shall not impose additional terms described in Section 667.5, 12022, 12022.5, 12022.6, or 12022.7 enhance the one-third of the middle term sentence for subsequent consecutive terms of imprisonment.

(b)  In the case of any person convicted of one felony which committed while such person is confined in a state prison and the either requires the sentences to be served consecutively or the jury

imposes a consecutive sentence, the aggregate term of imprisonment for all convictions which such person is required to serve consecutively shall be the remainder of the term for which he was confined plus the term of imprisonment specified by the judge for the crime committed while confined in a state prison. If such person is convicted of more than one such felony in the same proceeding, and the law either requires each sentence to be served consecutively or the judge imposes a consecutive sentence, the aggregate term for all convictions which the person is required to serve consecutively shall be the remainder of the term for which he was confined plus the greatest term of imprisonment specified by the judge for any of such felonies and plus one-third of the middle term of imprisonment prescribed for each other such felony conviction. The provisions of this subdivision shall be applicable in cases of convictions of more than one offense in the same or different proceedings, and convictions of more than one offense in the same or different proceedings.

(c) When the court imposes a prison sentence for a felony pursuant to Section 1170 the court shall also impose the additional sentences provided in this code for being armed with a deadly weapon or use of a firearm charged and proved in the case, for excessive taking or damage, for the infliction of great bodily injury charged and proved in the case, for each prior prison term charged and proved in the case as provided for in Section 667.5 and for any other sentence which the court determines in its discretion or as required by law shall run consecutive to the sentence imposed under Section 1170 except as provided in subdivisions (d), (e), and (f). However, if the court determines that there are circumstances in mitigation of the punishment prescribed, the court may strike the additional punishment, provided that reasons therefor are stated on the record. In considering the imposition of such additional sentences, the court shall apply the sentencing rules of the Judicial Council.

(d) Section 12022 or Section 12022.5 shall not apply where arming or use is an element of the crime. Section 12022.7 shall not apply where great bodily harm is an element of the offense or where the crime is assault by any means of force likely to produce great bodily injury. No more than one of Section 12022, 12022.5, or 12022.7 shall apply to the sentence for any single offense. A prisoner who is convicted of committing a felony, as provided in subdivision (b) and who is subject to this subdivision (d), shall be subject to the same term of imprisonment as any other person committing such felony except that the sentence shall be served consecutively and in addition to the remainder of the prisoner's current term of imprisonment;

(e) In no case shall the aggregate for enhancement for both prior terms as defined in subdivision (b) of Section 667.5 and consecutive sentences as defined in subdivision (a) of Section 1170.1a exceed five years.

(f) In no case shall the term of imprisonment exceed twice the number of years imposed by the trial court as the base term pursuant to subdivision (b) of Section 1170 unless the defendant stands convicted of a felony described in subdivision (c) of Section 667.5 or an allegation of being armed with a deadly weapon as defined in Section 12022, the use of a firearm as defined in Section 12022.5, or the infliction of great bodily injury as defined in Section 12022.7 which had been charged in the indictment or information and found to be true by the jury upon jury trial, or found to be true by the court upon court trial, or admitted to by the defendant.

1170.1b. In all cases the Community Release Board shall, not later than one year after the commencement of the term of imprisonment, review the sentence and shall by motion recommend that the court recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he had not been previously sentenced if the board determines the sentence is disparate. The review under this section shall apply the sentencing rules of the Judicial Council and the information regarding the sentences in this state of other persons convicted of similar crimes so as to eliminate disparity of sentences and to promote uniformity of sentencing.

1170.2. (a) In the case of any inmate sentenced for a felony to state prison prior to the effective date of this section, who would have been sentenced under Section 1170 if sentenced after the effective date of this section, the Community Release Board shall determine what the length of time of imprisonment would have been under Section 1170 without consideration of good-time credit and utilizing the middle term of the offense bearing the longest terms of imprisonment of which the prisoner was convicted aggregated by any additional terms which were imposed by the court at the time of sentencing for such felony or aggravation.

(b) When the calculation required under subdivision (a) is less than the time to be served prior to a parole date set prior to the effective date of this section by the Adult Authority, the Community Release Board shall reset the prisoner's parole date, subject to subdivision (d) on the date calculated under subdivision (a) unless a majority of all of the members of the Community Release Board after reviewing the prisoner's file, determine that due to the number of crimes of which the prisoner was convicted of, or due to the number of prior convictions the prisoner has been convicted of, or due to the fact that the prisoner was armed with a deadly weapon when the crime was committed, or used a deadly weapon during the commission of the crime, or inflicted or attempted to inflict great bodily injury on the victim of the crime, the prisoner should serve a term longer than that calculated in subdivision (a), in which event the prisoner shall be entitled to a hearing, as provided for in Section 3041.5. At such hearing the prisoner shall be entitled to be represented by legal counsel, and a release date shall be set within 90 days of the effective date of this section and the prisoner shall be informed in writing of

the extraordinary factors specifically considered determinative and on what basis the release date has been calculated. In fixing a term under this section the board shall be guided by the term which reasonably could be imposed on a person convicted after the effective date of this act of a similar crime under similar circumstances specifically in those cases which involve persons convicted of one or more of the crimes specified in subdivision (c) of Section 667.5. In fixing a term in any case involving a prisoner convicted of one or more of the crimes specified in subdivision (c) of Section 667.5, the board shall be guided by the following finding and declaration hereby made by the Legislature: that the necessity to protect the public from repetition of such extraordinary crimes of violence against the person is the paramount consideration.

(e) When a parole date was not set by the Adult Authority for an inmate sentenced prior to the effective date of this section who would have been sentenced under Section 1170 if sentenced after the effective date of this section, the Community Release Board shall set the prisoner's parole date, subject to subdivision (d), on the date calculated under subdivision (a) unless a majority of all of the members of the Community Release Board after reviewing the prisoner's file, determine that due to the number of crimes the prisoner was convicted of, or due to the number of prior convictions the prisoner has been convicted of, or due to the fact that the prisoner was armed with a deadly weapon when the crime was committed, or used a deadly weapon during the commission of the crime, or inflicted or attempted to inflict great bodily injury on the victim of the crime, the prisoner should serve a term longer than that calculated in subdivision (a) in which event the prisoner shall be entitled to a hearing, as provided for in Section 3041.5. At such hearing the prisoner shall be entitled to be represented by legal counsel, and a release date shall be set within 90 days of the effective date of this section and the prisoner shall be informed in writing of the extraordinary factors specifically considered determinative and on what basis the release date has been calculated. In fixing a term under this section the board shall be guided by the term which reasonably could be imposed on a person convicted after the effective date of this act of a similar crime under similar circumstances specifically in those cases which involve persons convicted of one or more of the crimes specified in subdivision (c) of Section 667.5. In fixing a term in any case involving a prisoner convicted of one or more of the crimes specified in subdivision (c) of Section 667.5, the board shall be guided by the following finding and declaration hereby made by the Legislature; that the necessity to protect the public from repetition of such extraordinary crimes of violence against the person is the paramount consideration.

(f) In the case of any prisoner sentenced for a felony to state prison prior to the effective date of this act who would have been sentenced under Section 1170 if sentenced after the effective date of this section, the good behavior and participation provisions of Article

2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall apply from the effective date of this section and thereafter.

(e) In the case of any inmate sentenced for a felony to state prison prior to the effective date of this section, who would have been sentenced under Section 1168 after the effective date of this section, the Community Release Board shall provide for release from prison as provided for by this code.

(f) In the case of any inmate sentenced for a felony to state prison prior to the effective date of this section, the length of parole, prior to the effective date of this section, and other incidents thereof, conditions therein, revocation thereof, and other incidents thereof, shall be the same as if the prisoner had been sentenced after the effective date of this section.

(g) Nothing in this section shall be deemed to keep an inmate in the custody of the Department of Corrections for a period of time longer than he would have been kept in its custody under the provisions of law applicable to him prior to the effective date of this section.

1170.3.  The Judicial Council shall seek to promote uniformly sentencing under Section 1170, by the adoption of rules providing criteria for the consideration of the trial judge at the time sentencing regarding the court's decision to:

(a) Grant or deny probation.

(b) Impose the lower or upper prison term.

(c) Impose concurrent or consecutive sentences.

(d) Consider an additional sentence for prior prison terms.

(e) Impose an additional sentence for being armed with a deadly weapon, using a firearm, an excessive taking or damage, or the infliction of great bodily injury.

1170.4.  The Judicial Council shall collect, analyze, and quarterly distribute and publish in the official reporter relevant information, trial judges relating to sentencing practices in this state and other jurisdictions. Such information shall be taken into consideration by the Judicial Council in the adoption of rules pursuant to Section 1170.3.

Section 1170.5.  The Judicial Council shall conduct annual sentencing institutes for trial court judges pursuant to Section 68551 of the Government Code, toward the end of assisting the judge in the imposition of appropriate sentences.

Section 1170.6.  The Judicial Council shall continually study and review the statutory sentences and the operation of existing criminal penalties and shall report to the Governor and to the appropriate policy committees of the Legislature its analysis regarding felony subject matter and as to all proposed legislation affecting felony sentences. Such review and analysis shall take into consideration:

(a) The nature of the offense with the degree of danger to

# EXHIBIT J

DEERING'S

PENAL CODE

...DING OF SELECTED PENAL PROVISIONS OF OTHER CODES

INCLUDING ENACTMENTS THROUGH
THE END OF THE REGULAR
SESSION OF THE 1973–74
LEGISLATURE

Edited and Indexed by the Publisher's
Editorial Staff

FOR USE IN
1975

BANCROFT-WHITNEY COMPANY
San Francisco
1975

## DEERING'S PENAL — 469

(a) For a person not previously convicted of a felony, but armed with a deadly weapon either at the time of his commission of the offense, or a concealed deadly weapon at the time of his arrest, two years;

(b) For a person previously convicted of a felony either in this State or elsewhere, and armed with a deadly weapon, either at the time of his commission of the offense, or a concealed deadly weapon at the time of his arrest, four years—

(c) For a person previously convicted of a felony either in this State or elsewhere, but not armed with a deadly weapon at the time of his commission of the offense, or a concealed deadly weapon at the time of his arrest, two years;

(d) For a person convicted at one trial of more than one felony, and upon whom are imposed cumulative or consecutive sentences the aggregate of the minimum terms of which exceed 10 years, 10 years;

(e) Such minimum penalties shall apply only when such possession of a deadly weapon or previous conviction of a felony as above specified has been charged and admitted or found to be true in the manner provided by law and the minimum terms specified in paragraphs (a) and (b) shall not apply in those cases wherein the property stolen or sought to be stolen is an animal or animals and the manner in which such property is taken or attempted to be taken constitutes the crime of theft and the weapon used during the commission thereof is not used or intended to be used against a person or to resist arrest.

(f) The words "deadly weapon" as used in this section are hereby defined to include any instrument or weapon commonly known as a blackjack, slung shot, billy, sandclub, sandbag, metal knuckles, any dirk, dagger, pistol, revolver, or any other firearm, any knife having a blade longer than five inches, any razor with an unguarded blade and any metal pipe or bar used or intended to be used as a club.

(g) For the purpose of determining whether or not a conviction for public offense in another jurisdiction is a previous felony conviction under the word "felony" as defined as a public offense which, if committed in this State, could have been punished as a felony under the laws of this State. Where such an offense is punishable in this State either as a felony or as a misdemeanor, it may be deemed a felony for the purposes of this section. [1941 ch 106 § 15; 1951 ch 671 § 2; 1957 ch 1617 § 3.] Cal Jur 2d Crim L §§ 17, 272, Habit Cr §§ 2, 11, 20, 23, 32, Homi § 331, Judgm § 310, Pris & P § 54, Rob §§ 11, 47, Weap §§ 30, 31, 32, Witkin Crimes pp 251, 948, 949, 951, 952, 961.

§ 3024.5. [Sentence of five years or more: Refixing term.] When any person received on or after January 1, 1948, at a prison or institution under the jurisdiction of the Director of Corrections, is serving a sentence to which the legal minimum is five years or more, the Adult Authority may refix his term to discharge such prisoner at any time after he has served two-thirds of such minimum term whenever in authority determines that such person has made a satisfactory adjustment and rehabilitation. [1947 ch 1381 § 3; 1951 ch 1078 § 1.] Cal Jur 2d Crim L § 277, Pris & P §§ 45, 53, Witkin Crimes pp 945, 947.

§ 3025. [Application of article.] The provisions of this article are to apply to all prisoners now serving sentence in the State prisons, to the end that at all times the same provisions relating to the imprisonment of prisoners shall apply to all the inmates thereof. [1941 ch 106 § 15.]

### ARTICLE 3
### Paroles

§ 3040. Authority to grant.
§ 3041. Time when determination may be made.
§ 3042. Notice of parole meetings: Officers entitled to notice.
§ 3043. Imprisonment prerequisite to parole: Person receiving two or more consecutive sentences.
§ 3044. Same: Person convicted of escape or attempt to escape.

## § 3040 DEERING'S PENAL

§ 3045. Same: Convict pardoned on ground that person not guilty.
§ 3046. Same: Person sentenced to life term: Statements and recommendations to be considered by board in considering parole.
§ 3047. Eligibility for release on parole: Habitual criminals imprisoned under § 644(a).
§ 3047.5. Same: Habitual criminals with two previous convictions: After January 1, 1948.
§ 3048. Same: Habitual criminals imprisoned under § 644(b).
§ 3048.5. Same: Habitual criminals imprisoned under prior § 644.
§ 3049. Same: Habitual criminals with three previous convictions: After January 1, 1948.
§ 3049.5. Minimum imprisonment in other cases: Limitations on rule: Parole after service of minimum term.
§ 3049.5. Parole after participation in specific research program and diagnostic study: Limitation.
§ 3050. Eligibility in particular situations: Habitual criminals not having two or more previous convictions.
§ 3051. Persons sentenced to state prison under §§ 666(3), 667, subject to parole.
§ 3052. Establishment and enforcement of parole regulations.
§ 3053. Conditions on parole.
§ 3053.5. Same: Inquiry into intoxication: Requiring abstinence from use of alcoholic liquor.
§ 3054. Allowance of civil rights: Authority of board: Scope of rights.
§ 3055. Same: Making of record.
§ 3056. Legal custody of parolees: Right to reimprison.
§ 3058. Communications designed to prevent or impede employment: Extortion, etc.
§ 3059. Consequences of leaving state without permission.
§ 3060. Suspension, cancellation and revocation of paroles: Notice unnecessary: Warrant for return.
§ 3061. Execution of order for return.
§ 3062. Authority of Governor to revoke paroles and order apprehension and reimprisonment of parolees: Effect of order.
§ 3063. Necessity of cause for suspension and revocation: Statement in order.
§ 3064. Effect of violation of parole.
§ 3065. Application of article.

## DEERING'S PENAL — 470

§ 3040. [Authority to grant.] The Adult Authority shall have the power to allow prisoners imprisoned in the state prisons to go upon parole outside the prison walls and enclosures. The authority may parole prisoners in the state prisons to camps for paroled prisoners established under Article 5, Chapter 5, Title 1, Part 3 of this code. [1941 ch 106 § 15; 1941 ch 363 § 2; 1957 ch 2256 § 57.] Cal Jur 2d Pris & P § 121. Witkin Crimes pp 1026, 1027.

§ 3041. [Time when determination may be made.] (a) In any case the matter of parole may be determined by the Adult Authority at any time after the actual commencement of such imprisonment.

(b) Notwithstanding the provisions of subdivision (a) or any other provision of this article, in any case where the minimum eligible parole date occurs less than 120 days after the date on which a person is delivered into the custody of the Director of Corrections, a parole meeting shall be held for such person at the first meeting of the Adult Authority, held at the institution where such person is being held, after the completion of the diagnostic study conducted in accordance with Section 5079, but in no event later than 120 days after the date on which such person is delivered into the custody of the Director of Corrections. [1941 ch 106 § 15; 1951 ch 721 § 1; 1957 ch 2256 § 58; 1963 ch 1702 § 2; 1971 ch 1732 § 3.] Cal Jur 2d Pris & P § 125. Witkin Crimes p 1029.

§ 3042. [Notice of parole meetings: Officers entitled to notice.] At least 30 days before the authority shall meet to consider the granting of a parole to any prisoner the authority shall send written notice thereof to the Director of Corrections and to each of the following persons who has made request therefor: the judge of the superior court before whom the prisoner was tried and convicted, the attorney for the defendant and the district attorney of

§ 3048

DEERING'S PENAL

471

the county from which the prisoner was sentenced and the law enforcement agency that investigated the case. [1941 ch 106 § 15; 1957 ch 2256 § 59; 1963 ch 2074 § 3; 1965 chs 237 § 3, 1815 § 2.5.] Cal Jur 2d Pris & P § 126; Witkin Crimes p 1029.

§ 3043. [Imprisonment prerequisite to parole: Person receiving two or more consecutive sentences.] No prisoner who has had imposed upon him two or more consecutive sentences may be paroled until he has served at least two calendar years of the aggregate of such consecutive sentences. [1941 ch 106 § 15; 1943 ch 396 § 2.] Cal Jur 2d Pris & P § 122; Witkin Crimes p 1029.

§ 3044. [Same: Person convicted of escape or attempt to escape.] No person who is convicted of an escape or an attempt to escape from the prison or the guards under subdivision (a) of Section 4530 may be paroled until he has served at least two calendar years from and after the date of his return to the prison after his conviction. [1941 ch 106 § 15; 1963 ch, 1784 § 1.] Cal Jur 2d Escape § 24, Pris & P §§ 119, 122; Witkin Crimes p 1029.

§ 3045. [Same: Convict pardoned on ground that person not guilty.] Any sentence based on conviction of crime of which the person was previously pardoned on the express ground that he was not guilty shall not be counted as a previous conviction. [1941 ch 106 § 15; 1943 ch 396 § 3; 1949 ch 655 § 1; 1951 ch 671 § 3.] Cal Jur 2d Habit Cr § 17, Judgm § 351, Pris & P § 124; Witkin Crimes pp 961, 1035.

§ 3046. [Same: Person sentenced to life term: Statements and recommendations to be considered by board in considering parole.] No prisoner imprisoned under a life sentence may be paroled until he has served at least seven calendar years. The Adult Authority shall, in considering a parole for such prisoner, consider all statements and recommendations which may have been submitted by the judge, district attorney, and sheriff, pursuant to Section 1203.01, or in response to notices given under Sections 3022 and 3042, and recommendations of other persons interested in the granting or denying of such parole. The authority shall enter on its order granting or denying parole to such prisoners, the fact that such statements and recommendations have been considered by it. Such statements and recommendations shall, however, be and remain confidential. [1941 ch 106 § 15; 1955 ch 1484 § 1; 1957 ch 2256 § 60; 1967 ch 138 § 7.] Cal Jur 2d Crim L § 271, Hom § 331, Pris & P §§ 121, 122; Witkin Crimes pp 1029, 1030.

§ 3047. [Eligibility for release on parole: Habitual criminals imprisoned under § 644(a).] Any person imprisoned as an habitual criminal under paragraph (a) of Section 644 shall not be eligible for a release on parole until he shall have served a minimum term of at least 15 years with benefit only of credits as provided in Section 2920 of this code. A record shall be kept of credits which would have been earned under Sections 2789, 2921, and 2922 of this code had they been applicable to said person, and such credits may be considered by the Adult Authority in granting paroles but shall not reduce the minimum term herein specified. [1941 ch 106 § 15; 1945 ch 934 § 2.] Cal Jur 2d Pris & P § 124.

§ 3047.5. [Same: Habitual criminals with two previous convictions: After January 1, 1948.] Notwithstanding the provisions of Section 3047 of this code, any person imprisoned as an habitual criminal under paragraph (a) of Section 644 and received on or after January 1, 1948, at a state prison or institution under the jurisdiction of the Director of Corrections shall not be eligible for a release on parole until he shall have served a minimum term of at least nine years. [1947 ch 1381 § 4.] Cal Jur 2d Crim L § 277, Pris & P § 124; Witkin Crimes pp 957, 958, 1029.

§ 3048. [Same: Habitual criminals imprisoned under § 644(b).] Any person imprisoned as an habitual criminal under paragraph (b) of Section 644 shall not be eligible for release on parole until he shall have served a minimum term of at least 20 years with benefit only of credits as provided in Section 2920 of this code. A record shall be kept of credits which would have been

§ 3048

DEERING'S PENAL

472

applicable to said person, and such credits may be considered by the Adult Authority in granting paroles but shall not reduce the minimum term herein specified. [1945 ch 934 § 3.] Cal Jur 2d Pris & P § 124; Witkin Crimes p 958.

* § 3048.5. [Same: Habitual criminals imprisoned under prior § 644.] Every person heretofore adjudged or determined to be an habitual criminal under either paragraph (a) or (b) of Section 644 of the Penal Code as that section read prior to the effective date of this act, who would have been adjudged or determined to be an habitual criminal under either paragraph (a) or (b) of Section 644 of said code as amended by this act shall be imprisoned in a State prison for life and shall be eligible for a release on parole as an habitual criminal read prior [1945 ch 934 § 4.] Cal Jur 2d Pris & P § 277, Pris & P § 124; Witkin Crimes p 958.

* There are two sections of this number. See next section.

* § 3048.5. [Same: Habitual criminals with three previous convictions: After January 1, 1948.] Notwithstanding the provisions of Section 3048 of this code, any person imprisoned as an habitual criminal under paragraphs (b) of Section 644 and received on or after January 1, 1948, at a state prison or institution under the jurisdiction of the Director of Corrections shall not be eligible for release on parole until he shall have served a minimum term of at least 12 years. [1947 ch 1381 § 5.]

* There are two sections of this number. See preceding section.

§ 3049. [Minimum imprisonment in other cases: Limitations on rule: Parole after service of minimum term.] In all other cases not heretofore provided for, no prisoner may be paroled until he has served the minimum term of imprisonment provided by law for the offense of which he was convicted, except that in cases where the prisoner was serving a sentence on January 1, 1947, and in which the minimum term of imprisonment is more than one year, may be paroled at any time after the expiration of one-half of the minimum term, with benefit of credits, but in no case shall he be paroled until he has served one calendar year; provided, that any prisoner, received on or after January 1, 1948, at any state prison or institution under the jurisdiction of the Director of Corrections, whose minimum term of imprisonment is more than one year, may be paroled at any time after the expiration of one-third of the minimum term. In all other cases he may be paroled at any time after he has served the minimum term prescribed by law. [1941 ch 106 § 15; 1947 ch 1381 § 6; 1949 ch 555 § 1.] Cal Jur 2d Pris & P § 122.

§ 3049.5. [Parole after participation in specific research program and diagnostic study: Limitation.] Notwithstanding the provisions of Section 3049, any prisoner selected for inclusion in a specific research program approved by the Board of Corrections may be paroled upon completion of the diagnostic study provided for in Section 5079. The number of prisoners released in any year under this provision shall not exceed 5 percent of the total number of all prisoners released in the preceding year.

This section shall not apply to a prisoner who, while committing the offense for which he has been imprisoned, physically attacked any person by any means. A threat of attack is not a attempt to inflict physical harm upon some person unless such threat was accompanied by an physical attack for the purposes of this section.

The Board of Corrections shall report to the Legislature on the fifth Legislative day of the 1974 Regular Session of the Legislature regarding any research program completed or in

472

DEERING'S PENAL

§ 3056

progress authorized under this section, and thereafter it shall report annually. [1971 ch 1700 § 1.]

§ 3050. [Eligibility in particular situations: Habitual criminals not having two or more previous convictions.] Any person imprisoned as an habitual criminal who has not been previously twice or three times convicted of any of the felonies mentioned in Section 644 may be released on parole. [1941 ch 106 § 15.]

§ 3051. [Persons sentenced to state prison under §§ 666(3), 667, subject to parole.] Any person sentenced to a state prison under subdivision 3 of Section 666 and under Section 667 of this code shall be subject to parole as first term prisoner. [1941 ch 106 § 15; 1949 ch 700 § 1.] Cal Jur 2d Pris & P § 124; Within Crimes p 955.

§ 3052. [Establishment and enforcement of parole regulations.] The Adult Authority shall have power to establish and enforce rules and regulations under which prisoners in state prison may be allowed to go upon parole outside the prison buildings and inclosures when eligible for parole [1941 ch 106 § 15; 1957 ch 2256 § 61.] Cal Jur 2d Pris & P §§ 118, 121; Within Crimes p 80[?]?

§ 3053. [Conditions on parole.] The Adult Authority upon granting any parole to any prisoner may also impose on the parole such conditions as it may deem proper, and shall impose as a condition of the parole, that all or a portion of his credits earned, or to be earned, may be forfeited by order of the Adult Authority in the event that such prisoner shall hereafter violate any law of this State or any rule or regulation of the prison, or of the department, the director or the Adult Authority, or any of the conditions of his parole. [1941 ch 106 § 15; 3d Ex Sess 1944 ch 2 § 41.] Cal Jur 2d Pris & P § 128; Within Crimes p 1020.

§ 3053.5. [Same: Inquiry into intoxication: Requiring alienation from use of alcoholic liquor.] Upon granting parole to any prisoner convicted of any of the offenses enumerated in Section 290 of this code, the Adult Authority shall inquire into the question whether the defendant at the time the offense was committed was intoxicated or addicted to the excessive use of alcoholic liquor or beverages at that time or immediately prior thereto, and if it is found that the person was so intoxicated or so addicted, it shall impose, as a condition of parole that such prisoner shall totally abstain from the use of alcoholic liquor or beverages. [3d Ex Sess 1950 ch 25 § 3.] Cal Jur 2d Pris & P § 128; Within Crimes p 1020.

§ 3054. [Allowance of civil rights: Authority of board: Scope of rights.] The Adult Authority may permit paroled persons civil rights, either than the right to act as trustee, or scope or extent of such civil rights shall be by such act, in the judgment of the authority, is for the best interest of society and such paroled person. [1941 ch 106 § 15; 1957 ch 2256 § 62.] Cal Jur 2d Pris & P §§ [?]; Crimes § 2256; Pris & P § 128; Within Crimes pp 917, 1020, Summary 1906-01 p. 585.

§ 3055. [Same: Making of record.] The Adult Authority shall, at the time of permitting such civil rights, make a permanent record thereof, and such record shall be a public record of the benefit of all persons requiring information in that behalf [1941 ch 106 § 15; 1957 ch 2256 § 63.] Cal Jur 2d Pris & P § 127; Within Crimes p 1020.

§ 3056. [Legal custody of parolees: Right to reimprison.] Prisoners on parole shall remain under the legal custody of the department and shall be subject at any time to be taken back within the inclosure of the prison. [1941 ch 106 § 15; as § 3055; 1941 ch 893 § 8; 1957 ch 2256 § 64.] Cal Jur 2d Pris & P § 127; Within Crimes p 1020.

§ 3058. [Communications designed to prevent or impede employment: Extortion, etc.] Any person who knowingly and wilfully communicates to another, either orally or in writing, any statement concerning any person then or theretofore convicted of a felony, and then on parole, and which communication is made with the purpose and intent to deprive said person

paroled until he has served at least two calendar years of the aggregate of such consecutive sentences.—1943.

3044. Parole of prisoners convicted of escape. No person who is convicted of an escape or an attempt to escape from the prison or the guards under subdivision (a) of Section 4530 may be paroled until he has served at least two calendar years from and after the date of his return to the prison after such conviction.—Amended, Stats. 1963, Chap. 1784.

3045. Second conviction: Pardon for innocence is not. Any sentence based on conviction of crime of which the person was previously pardoned on the express ground that he was not guilty shall not be counted as a previous conviction.—Stats. 1951, Chap. 671.

Frleke, C.L. 10th, p. 20, 24.
Frleke, C.P. 8th, p. 140, 583, 602.

3046. Parole of life prisoners. No prisoner imprisoned under a life sentence may be paroled until he has served at least seven calendar years. The Adult Authority shall, in considering a parole for such prisoner, consider all statements and recommendations which may have been submitted by the judge, district attorney, and sheriff, pursuant to Section 1203.01, or in response to notices given under Sections 3022 and 3042, and recommendations of other persons interested in the granting or denying of such parole. The authority shall enter on its order granting or denying parole to such prisoners, the fact that such statements and recommendations have been considered by it. Such statements and recommendations shall, however, be and remain confidential.—Amended, Stats. 1967, Chap. 138.

3047. Parole of certain habitual criminals. — Repealed, Stats. 1976, Chap. 1139.

3047.5. Not eligible for release.—Repealed, Stats. 1976, Chap. 1139.

3048. Certain habitual criminals not subject to parole.—Repealed, Stats. 1976, Chap. 1139.

3048.5. Habitual criminals imprisoned under prior.—Repealed, Stats. 1976, Chap. 1139.

3049. Minimum imprisonment and parole in other cases. In all other cases not heretofore provided for, no prisoner sentenced prior to July 1, 1977 may be paroled until he has served the minimum term of imprisonment provided by law for the

---

Section 3011, the board shall send the prisoner a written statement setting forth the reason or reasons for refusal to set parole date; at what time the prisoner can reasonably expect to be considered for the setting of a parole date; and suggest activities in which he might participate that will benefit him while he is incarcerated. The board shall review each such case once the inmate's statutory minimum eligible release date and notify thereafter.

(3) Within 10 days of any board action resulting in the postponement of a previously set parole date, the board shall send prisoner a written statement setting forth a new date and reason for such action and shall offer the prisoner an opportunity for review of such action within 90 days of the ... the prisoner receives the statement.

(4) Within 10 days of any board action resulting in the ... finding, of a previously set parole date, the board shall send ... prisoner a written statement setting forth the reason or ... sons for such action, shall offer the prisoner an opportunity ... review of such action and shall, within six months, set the ... soner's parole release date in accord with the provisions of ... tion 3041 and this section.—Added, Stats. 1976, Chap. 1139. Operative July 1, 1977.

3011.7. Notification that prisoner may request rehearing ... or certain actions by the Community Release Board. Presence of counsel permitted. A prisoner whose release dates has ... en set at more than three years beyond the minimum eligible ... role date, or whose parole release date is not set at the meeting which takes place one year prior to the prisoner's minimum ... gible parole date, or whose parole date has been rescinded ... all be notified of his or her right to request a rehearing by the ... and. Such rehearing shall be held within 60 days of such request. At the rehearing and at any subsequent hearings the ... oner shall be entitled to be represented by counsel and the ... ovisions of Section 3041.5 shall apply.—Added, Stats. 1976, ... ap. 1139.—Operative July 1, 1977.

3042. Notice from the Adult Authority before granting of ... role. At least 30 days before the Adult Authority shall meet ... consider the granting of a parole to any prisoner the authority ... all send written notice thereof to the Director of Corrections ... d to each of the following persons who has made a request ... erefor: the judge of the superior court before whom the ... soner was tried and convicted, the attorney for the defendant ... of the district attorney of the county from which the prisoner ... as sentenced and the law enforcement agency that investigated ... e case.—Stats. 1965, Chap. 237, 1815.

3043. Consecutive sentences. No prisoner who has had imposed upon him two or more consecutive sentences may be

1976 P.C. Book

IMPRISONMENT OF MALE PRISONERS

statement of views in support of or in opposition to the granting of parole. The board, in deciding whether to release the person on parole, shall review all information received from the public to insure that the gravity and timing of all current or past convicted offenses have been given adequate consideration and to insure that the safety of the public has been adequately considered. Upon completion of its review, the board shall include in its report a statement that it has reviewed all information received from the public and its conclusion as to whether the person would pose a threat to the public safety if released on parole. (Added by Stats.1984, c. 805, § 2.)

### Research References

3 Witkin Cal. Crim. L. 3d Punishment § 627, Public Participation.

§ 3043.6. Order of persons appearing or speaking at the hearing; rebuttal statements

Any person authorized to appear at a parole hearing pursuant to Section 3043, or a prosecutor authorized to represent the views of the victim, his or her immediate family, or next of kin, pursuant to Section 3043.2, shall have the right to speak last before the board in regard to those persons appearing and speaking before the board at a parole hearing. Nothing in this section shall prohibit the person presiding at the hearing from taking any steps he or she deems appropriate to ensure that only accurate and relevant statements are considered in determining parole suitability as provided in law, including, but not limited to, the rebuttal of inaccurate statements made by any party. (Added by Stats.2004, c. 1 (A.B.2), § 4, eff. Jan. 21, 2004.)

§ 3044. Repealed by Stats.1977, c. 165, p. 668, § 50, eff. June 29, 1977, operative July 1, 1977

§ 3045. Minimum imprisonment; offense pardoned on grounds of innocence not counted as previous conviction

Any sentence based on conviction of crime of which the person was previously pardoned on the express ground that he was not guilty shall not be counted as a previous conviction. (Added by Stats.1941, c. 106, p. 1112, § 15. Amended by Stats.1943, c. 396, p. 1916, § 3, eff. May 13, 1943; Stats.1949, c. 655, p. 1159, § 1; Stats.1951, c. 671, p. 1880, § 3.)

### Cross References

Effect of full pardon, see Penal Code § 4853.
Pardons, generally, see Penal Code § 4800 et seq.
Restoration of rights by pardon based upon certificate of rehabilitation, see Penal Code § 4852.17.

### Research References

3 Witkin Cal. Crim L. 3d Punishment § 669, In General.

§ 3046. Persons imprisoned under life sentence; minimum term; consideration of statements and recommendations; order

(a) No prisoner imprisoned under a life sentence may be paroled until he or she has served the greater of the following:

(1) A term of at least seven calendar years.

(2) A term as established pursuant to any other provision of law that establishes a minimum term or minimum period of confinement under a life sentence before eligibility for parole.

(b) If two or more life sentences are ordered to run consecutively to each other pursuant to Section 669, no prisoner so imprisoned may be paroled until he or she has served the term specified in subdivision (a) on each of the life sentences that are ordered to run consecutively.

(c) The Board of Prison Terms shall, in considering a parole for a prisoner, consider all statements and recommendations which may have been submitted by the judge, district attorney, and sheriff, pursuant to Section 1203.01, or in response to

notices given under Section 3042, and recommendations of other persons interested in the granting or denying of the parole. The board shall enter on its order granting or denying parole to these prisoners, the fact that the statements and recommendations have been considered by it. (Added by Stats.1941, c. 106, p. 1112, § 15. Amended by Stats.1955, c. 1484, p. 2694, § 1; Stats.1957, c. 2256, p. 3935, § 60; Stats.1967, c. 138, p. 1194, § 7; Stats.1957, c. 165, p. 668, § 51, eff. June 29, 1977, operative July 1, 1977; Stats.1978, c. 579, p. 1993, § 32; Stats.1979, c. 255, p. 561, § 23; Stats.1988, c. 214, § 1; Stats.2000, c. 287 (S.B.1955), § 19.)

### Cross References

Habitual offender, punishment, see Penal Code § 667.7.

### Research References

2 Witkin Cal. Crim. L. 3d Crimes Against Peace Welf § 25, (S 25) Participation in Gang.

3 Witkin Cal. Crim. L. 3d Punishment § 350, (S 350) Great Bodily Injury With Prior Convictions.

3 Witkin Cal. Crim. L. 3d Punishment § 361, Sentence When Defendant Has Multiple Prior Convictions.

3 Witkin Cal. Crim. L. 3d Punishment § 615, Requirement of Minimum Period of Service.

3 Witkin Cal. Crim. L. 3d Punishment § 635, for Life Prisoners.

§§ 3047 to 3048.5. Repealed by Stats.1976, c. 1139, p. 5153, §§ 281.5 to 281.9, operative July 1, 1977

§ 3049. Minimum imprisonment for sentence prior to July 1, 1977; other cases

In all other cases not heretofore provided for, no prisoner sentenced prior to July 1, 1977 may be paroled until he has served the minimum term of imprisonment provided by law for the offense of which he was convicted, except that in cases where the prisoner was serving a sentence on December 31, 1947, and in which the minimum term of imprisonment is more than one year, he may be paroled at any time after the expiration of one-half of the minimum term, with benefit of credits, but in no case shall he be paroled until he has served one calendar year; provided, that any prisoner, received on or after January 1, 1948, at any state prison or institution under the jurisdiction of the Director of Corrections, whose minimum term of imprisonment is more than one year, may be paroled at any time after the expiration of one-third of the minimum term. In all other cases he may be paroled at any time after he has served the minimum term prescribed by law. (Added by Stats.1941, c. 106, p. 1112, § 15. Amended by Stats.1947, c. 1381, p. 2945, § 6; Stats.1949, c. 555, p. 954, § 1; Stats.1976, c. 1139, p. 5153, § 282, operative July 1, 1977.)

### Cross References

Credit on term of imprisonment, see Penal Code § 2930 et seq.
Director of corrections, powers and duties generally, see Penal Code § 5052 et seq.

### Research References

4 Witkin Cal. Crim. L. 3d Pretrial Proceedings § 282, (S 282) Sentencing.

3 Witkin Cal. Crim. L. 3d Punishment § 615, Requirement of Minimum Period of Service.

§ 3049.5. Prisoners included in specific research program approved by board of corrections

Notwithstanding the provisions of Section 3049, any prisoner selected for inclusion in a specific research program approved by the Board of Corrections may be paroled upon completion of the diagnostic study provided for in Section 5079. The number of prisoners released in any year under this provision shall not exceed 5 percent of the total number of all prisoners released in the preceding year.

at least 30 days prior to his good-time release date, unless such release date is within 30 days of July 1, 1977, and shall provide, under guidelines specified by the Community Release Board, the conditions of parole and the length of parole up to the maximum period of time provided by law. The inmate has the right to reconsideration of the length of parole and conditions thereof by the Community Release Board.

SEC. 43.  Article 2 (commencing with Section 3020) of Chapter 8 of Title 1 of Part 3 of the Penal Code is repealed.

SEC. 44.  Section 3040 of the Penal Code is amended to read:

3040.  The Community Release Board shall have the power to allow prisoners imprisoned in the state prisons pursuant to subdivision (b) of Section 1168 to go upon parole outside the prison walls and enclosures. The board may parole prisoners in the state prisons to camps for paroled prisoners established under Section 2792.

SEC. 45.  Section 3041 of the Penal Code is amended to read:

3041.  (a) In the case of any prisoner sentenced pursuant to any provision of law, other than Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, the Community Release Board shall meet with each such inmate within the first year of incarceration solely for the purposes of reviewing the inmate's file and making recommendations. One year prior to the inmate's minimum eligible parole release date a three-member panel of the board shall again meet with the inmate and shall normally set a parole release date. The Community Release Board shall set the parole release date in a manner that will provide uniform terms for offenses of similar gravity and magnitude in respect to their threat to the public. The board shall comply with the sentencing rules that the Judicial Council may issue and any sentencing information relevant to the setting of parole release dates. The board shall establish criteria for the setting of parole release dates and in doing so shall consider the number of victims of the crime for which the prisoner was sentenced and other factors in mitigation or aggravation of the crime. At least one member of the panel shall have been present at the last preceding meeting, unless it is not feasible to do so or where the last preceding meeting was the initial meeting. Any person on the hearing panel may request review of any decision regarding parole to the full board for an en banc hearing. In case of such a review, a majority vote of the full Community Release Board in favor of parole is required to grant parole to any prisoner.

(b)  The board shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting.

(c)  For the purpose of reviewing the suitability for parole of those prisoners eligible for parole under prior law at a date earlier than

that calculated under Section of at least two persons to meet such time as the person is rele reaches the expiration of his to

SEC. 46.  Section 3041.5 of

3041.5.  (a) At all hearin prisoner's parole suitability, o of parole dates:

(1) At least 10 days prior Release Board, the prisoner s file which will be examine opportunity to enter a writte such file.

(2) The prisoner shall be answer questions, and to spe

(3) Unless legal counsel i law, a person designated by present to insure that all fact including, if necessary, conti that have not been resolved

(4) The prisoner shall b stenographic record of all p

(5) If the hearing is for t of parole dates, the prisoner (3) and (5) of subdivision (

(b)  (1) Within 10 days fo has been set, the board shal setting forth his parole date to be released on the date meet such conditions.

(2) Within 20 days follow not been set for the reasons the board shall send the pr the reason or reasons for r activities in which he migh he is incarcerated. The bc thereafter.

(3) Within 10 days of postponement of a previou the prisoner a written stat reason or reasons for suc opportunity for review of s prisoner receives the state

(4) Within 10 days of an of a previously set parole written statement setting f and shall, within six month accord with the provision

SEC. 47.  Section 3041.

that calculated under Section 1170.2, the board shall appoint panels of at least two persons to meet annually with each such prisoner until such time as the person is released pursuant to such proceedings or reaches the expiration of his term as calculated under Section 1170.2.

SEC. 46.   Section 3041.5 of the Penal Code is amended to read:

3041.5.   (a) At all hearings for the purpose of reviewing a prisoner's parole suitability, or the setting, postponing or rescinding of parole dates:

(1) At least 10 days prior to any hearing by the Community Release Board, the prisoner shall be permitted to review his or her file which will be examined by the board and shall have the opportunity to enter a written response to any material contained in such file.

(2) The prisoner shall be permitted to be present, to ask and answer questions, and to speak on his own behalf.

(3) Unless legal counsel is required by some other provision of law, a person designated by the Department of Corrections shall be present to insure that all facts relevant to the decision be presented, including, if necessary, contradictory assertions as to matters of fact that have not been resolved by departmental or other procedures.

(4) The prisoner shall be permitted to request and receive a stenographic record of all proceedings.

(5) If the hearing is for the purpose of postponing or rescinding of parole dates, the prisoner will have rights set forth in paragraphs (3) and (5) of subdivision (a) of Section 2932.

(b)   (1) Within 10 days following any meeting where a parole date has been set, the board shall send the prisoner a written statement setting forth his parole date, the conditions he must meet in order to be released on the date set, and the consequences of failure to meet such conditions.

(2) Within 20 days following any meeting where a parole date has not been set for the reasons stated in subdivision (b) of Section 3041, the board shall send the prisoner a written statement setting forth the reason or reasons for refusal to set a parole date; and suggest activities in which he might participate that will benefit him while he is incarcerated. The board shall hear each such case annually thereafter.

(3) Within 10 days of any board action resulting in the postponement of a previously set parole date, the board shall send the prisoner a written statement setting forth a new date and the reason or reasons for such action and shall offer the prisoner an opportunity for review of such action within 90 days of the time the prisoner receives the statement.

(4) Within 10 days of any board action resulting in the rescinding of a previously set parole date, the board shall send the prisoner a written statement setting forth the reason or reasons for such action and shall, within six months, set the prisoner's parole release date in accord with the provisions of Section 3041 and this section.

SEC. 47.   Section 3041.7 of the Penal Code is amended to read:

# EXHIBIT K

# EXHIBIT L

*p. 1*

*Total pages 17*

Proposition 222 | Previous - 221 | Voter Guide | Next - 223 | Analysis of 222 |



Murder. Peace Officer Victim. Sentence Credits.
Legislative Initiative Amendment.

### Official Title and Summary prepared by the Attorney General

**Full Text of
Proposed Law**

### MURDER. PEACE OFFICER VICTIM. SENTENCE CREDITS.
### LEGISLATIVE INITIATIVE AMENDMENT.

- Amends Penal Code section 190, which provides that second degree murder of peace officer who defendant knows or should know is performing official duty, is punishable by 25 years to life in prison, to provide that such murder, if committed either intentionally, with intent to commit great bodily injury, or with personal use of a firearm or dangerous or deadly weapon, is punishable by life in prison without parole. Eliminates duplicative provision in Penal Code.

- Persons convicted of any murder may not earn credits in prison to reduce the sentence.

### Summary of Legislative Analyst's
### Estimate of Net State and Local Government Fiscal Impact:

- Probably minor additional state costs.


### Final Votes Cast by the Legislature on AB 446 (Proposition 222)

| | Assembly: Ayes 74 | Senate: Ayes 33 |
|---|---|---|
| | Noes 1 | Noes 0 |


Analysis by the Legislative Analyst

Argument in Favor of Proposition 222

Rebuttal to Argument in Favor of Proposition 222

Argument Against Proposition 222

Rebuttal to Argument Against Proposition 222

Proposition 222 | Text of Proposed Law | Proposition 222 | Argument in Favor |



Murder. Peace Officer Victim. Sentence Credits.
Legislative Initiative Amendment.

### Analysis by the Legislative Analyst

## Background

Under California law, there are two "degrees" of murder.

First degree murder is generally defined as murder that is intentional or deliberate, or that takes place during certain other crimes, including arson, rape, or robbery.

All other types of murder are second degree murder. It is generally punishable by imprisonment for 15 years to life with the possibility of parole. An exception is provided in some cases involving the second degree murder of a peace officer.

State law provides that certain prison inmates who participate in work and education programs or who demonstrate good conduct while in prison shall receive credits that reduce the time they must stay in prison. However, any person convicted of second degree murder of a peace officer is ineligible to receive these credits.

State law also provides that if a peace officer is killed in the line of duty and the person convicted of the murder knew or should have known that the victim was a peace officer, the crime is punishable by a prison term of

25 years to life. Under a law that was enacted in September 1997, the second degree murder of a peace officer is punishable by a longer term of life in prison without the possibility of parole if it is also found that the murderer specifically intended to kill or greatly injure the peace officer, or used a firearm or other dangerous weapon in the crime.

## Proposal

This proposition provides that no person convicted of murder is eligible to receive credits that reduce the time he or she spends in state prison. This measure also places before the voters a provision that is virtually identical to the law enacted in September 1997 relating to the second degree murder of a peace officer.

## Fiscal Effect

This proposition would increase state costs primarily as a result of longer prison terms for the murderers specified by the measure. However, these costs are probably minor, because relatively few offenders would likely be affected.

Proposition 222 | Text of Proposed Law | Proposition 222 | Argument in Favor |

Proposition 222 | Proposition 222 | Analysis |



Murder. Peace Officer Victim. Sentence Credits.
Legislative Initiative Amendment.

Proposition 222 - Full Text of the Proposed Law

This law proposed by Assembly Bill 446 (Statutes of 1997, Chapter 413) is submitted to the people in accordance with the provisions of Article XVI of the Constitution.

This proposed law amends a section of the Penal Code; therefore, existing provisions proposed to be deleted are printed in ~~strikeout type~~ and new provisions proposed to be added are printed in *italic type* to indicate that they are new.

## PROPOSED LAW

SECTION 1. Section 190 of the Penal Code, as amended by Chapter 609 of the Statutes of 1993, is amended to read:

190. (a) Every person guilty of murder in the first degree shall suffer death, confinement in the state prison for life without the possibility of parole, or confinement in the state prison for a term of 25 years to life. The penalty to be applied shall be determined as provided in Sections 190.1, 190.2, 190.3, 190.4, and 190.5.

Except as provided in subdivision (b) ~~or (c)~~ , *(c), or (d)* , every person guilty of murder in the second degree shall suffer confinement in the state prison for a term of 15 years to life.

~~Except as provided in subdivision (b), Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall apply to reduce any minimum term of 15, 20, or 25 years in the state prison imposed pursuant to this section, but the person shall not otherwise be released on parole prior to that time.~~

*(b) Except as provided in subdivision (c), every person guilty of murder in the second degree shall suffer confinement in the state prison for a term of 25 years to life if the victim was a peace officer, as defined in subdivision (a) of Section 830.1, subdivision (a) or (b) of Section 830.2, or Section 830.5, who was killed while engaged in the performance of his or her duties, and the defendant knew, or reasonably should have known, that the victim was such a peace officer engaged in the performance of his or her duties.*

~~(b)~~ *(c)* Every person guilty of murder in the second degree shall suffer confinement in the state prison for a term of ~~25 years to~~ life *without the possibility of parole* if the victim was a peace officer, as defined in subdivision (a) of Section 830.1, subdivision (a) or (b) of Section 830.2, or Section 830.5, who was killed while engaged in the performance of his or her duties, and the defendant knew, or reasonably should have known, that the victim was such a peace officer engaged in the performance of his or her duties *, and any of the following facts has been charged and found true:*

*(1) The defendant specifically intended to kill the peace officer.*

*(2) The defendant specifically intended to inflict great bodily injury, as defined in Section 12022.7, on a peace officer.*

*(3) The defendant personally used a dangerous or deadly weapon in the commission of the offense, in violation of subdivision (b) of Section 12022.*

*(4) The defendant personally used a firearm in the commission of the offense, in violation of Section 12022.5.*

~~Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall not apply to reduce any minimum term of 25 years in the state prison when the person is guilty of murder in the second degree and the victim was a peace officer, as defined in this subdivision, and the person shall not be released prior to serving 25 years confinement.~~

~~(c)~~ *(d)* Every person guilty of murder in the second degree shall suffer confinement in the state prison for a term of 20 years to life if the killing was perpetrated by means of shooting a firearm from a motor vehicle, intentionally at another person outside of the vehicle with the intent to inflict great bodily injury.

*(e)* Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 ~~shall~~ *does not* apply to reduce any minimum term of ~~20 years in the state prison when the person is guilty of murder in the second degree and is subject to this subdivision, but the person shall not otherwise be released on parole prior to that time.~~ *a sentence imposed pursuant to this section. A person sentenced pursuant to this section may not be released on parole prior to serving the minimum term of confinement prescribed by this section.*

**Proposition 222 | Proposition 222 | Analysis |**

Proposition 222 | Analysis | Proposition 222 | Rebuttal to Argument in Favor |



Murder. Peace Officer Victim. Sentence Credits.
Legislative Initiative Amendment.

## Argument in Favor of Proposition 222

Proposition 222 helps keep violent cop killers off our streets by closing a loophole in California law that now allows some cop killers to be released early on parole. Proposition 222 closes this dangerous loophole by requiring life in prison without possibility of parole for any criminal convicted of second degree murder of a peace officer.

Proposition 222 also prohibits convicted killers from using "work credits" to speed their release from prison before serving their entire sentence. Under current law, murderers can use work credits to reduce their prison sentences by 15% to 33%.

Proposition 222 prevents violent criminals from manipulating the work credit system, and requires them to serve their entire prison sentence.

- Criminals convicted of 1st degree murder without special circumstances would have to serve at least 25 years in prison under Proposition 222, with no possibility of early parole.
- Criminals convicted of 2nd degree murder during a drive-by shooting would have to serve at least 20 years in prison under Proposition 222, with no possibility of early parole.
- Criminals convicted of 2nd degree murder would have to serve at least 15 years under Proposition 222, with no possibility of early parole.

Proposition 222 guarantees that vicious murderers are not released before serving their minimum prison sentences. Proposition 222 also guarantees that criminals convicted of murdering a peace officer will not be released on parole--period.

Peace officers lay their lives on the line for us every day and night serving and protecting the public. They deserve our support and protection. To help keep murderers and cop killers off our streets, vote "yes" on Proposition 222.

**ROD PACHECO**
*Assemblyman, 64th District*

**JOHN R. LEWIS**
*State Senator, 33rd District*

**PETE WILSON**
*Governor, State of California*

Proposition 222 | Argument in Favor | Proposition 222 | Argument Against |



Murder. Peace Officer Victim. Sentence Credits.
Legislative Initiative Amendment.

Rebuttal to Argument in Favor of Proposition 222

**Rebuttal to Argument in Favor was not submitted.**

Proposition 222 | Argument in Favor | Proposition 222 | Argument Against |

**Proposition 222** | Rebuttal to Argument in Favor | **Proposition 222** | Rebuttal to Argument Against |



.Murder. Peace Officer Victim. Sentence Credits.
Legislative Initiative Amendment.

Argument against Proposition 222

## Argument Against was not submitted.

**Proposition 222** | Rebuttal to Argument in Favor | **Proposition 222** | Rebuttal to Argument Against |

Proposition 222 | Argument Against | Proposition 222 | Next Proposition (223) |



Murder. Peace Officer Victim. Sentence Credits.
Legislative Initiative Amendment.

### Rebuttal to Argument against Proposition 222

**Argument Against was not submitted.**

Proposition 222 | Argument Against | Proposition 222 | Next Proposition (223) |

➤ LWVC HOME - VOTING Q&As - STATE PROPS - ABOUT LWV
➤ ON BALLOT MEASURES: ABOUT OUR ANALYSIS - LIST of PROPS - SMART VOTER



**LEAGUE OF WOMEN
VOTERS OF
CALIFORNIA
*EDUCATION FUND***

Nonpartisan Pros & Cons of

# Proposition 222

## MURDER. PEACE OFFICER VICTIM.
## SENTENCE CREDITS.

Legislative Initiative Amendment

## THE QUESTION

Should the penalty for second-degree murder of a peace officer be increased to
life imprisonment without the possibility of parole? Should those convicted of
any murder not be allowed to earn credits in prison to reduce their sentences?

## THE SITUATION

Second-degree murder is the crime of killing with the intention of killing but
without deliberation or premeditation. Under California law, the penalty for
second-degree murder is life imprisonment without the possibility of parole.

California law currently allows certain prisoners who "participate in work and
education programs or who demonstrate good conduct while in prison shall
receive credits that reduce the time they must stay in prison."

Both provisions of Proposition 222 need voter approval because they would
amend an initiative passed previously by the voters.

## THE PROPOSAL

- A person convicted of second-degree murder of a peace officer engaged in
  the performance of his or her duties must be sentenced to life in prison
  without the possibility of parole.

- No person convicted of murder may earn credits in prison to reduce his or
  her sentence.

## FISCAL IMPACT

According to the Senate Appropriations Committee analysis, the fiscal effect of
this proposition is unknown because increased incarceration imposed under the
bill will not occur until approximately 2023.

## SUPPORTERS SAY

- Murder of a peace officer should be deterred by the strongest possible penalty for second-degree murder.

- Convicted murderers should not be permitted to use work credits to reduce their sentences.

## OPPONENTS SAY

- A 1997 law already makes the penalty for second-degree murder of an on-duty peace officer life imprisonment without the possibility of parole.

- Any prisoner serving less than a life sentence should have the opportunity to reduce his or her sentence with work credits.

*(Analysis prepared by the League of Women Voters of California Education Fund.)*

---

► On Propositions: <u>About our Analysis</u> - <u>List of Props</u> - <u>Smart Voter</u>
► <u>LWVC Home</u> - <u>Voting Q&As</u> - State Props - <u>About Us</u>

---

Last updated: April 22, 1998
Send comments and suggestions concerning this page to <u>nvmk16b@prodigy.com</u>

---

*Copyright 1998 League of Women Voters of California Education Fund. All rights reserved.*

Case 3:07-cv-04833-MMC    Document 11-8    Filed 07/22/2008    Page 41 of 61

Proposition 222: Murder. Peace Officer Victim. Sentence Credits. - Ca^l nia State Gove...    Page 1 of 2



State of California                                                June 2, 1998 Primary

# Proposition 222
## Murder. Peace Officer Victim. Sentence Credits.

Legislative Initiative Amendment. Put on the Ballot by the Legislature.

3,978,287 / 77.1% Yes votes ...... 1,188,113 / 22.9% No votes

Infomation shown below: Summary | Fiscal Impact | Yes/No Meaning | Official Information | Arguments |

### Summary Prepared by the State Attorney General:

- Amends Penal Code section 190, which provides that second degree murder of peace officer who defendant knows or should know is performing official duty, is punishable by 25 years to life in prison, to provide that such murder, if committed either intentionally, with intent to commit great bodily injury, or with personal use of a firearm or dangerous or deadly weapon, is punishable by life in prison without parole. Eliminates duplicative provision in Penal Code.
- Persons convicted of any murder may not earn credits in prison to reduce the sentence.

### Fiscal Impact from the Legislative Analyst:
* Probably minor additional state costs.

### Meaning of Voting Yes/No

**A YES vote of this measure means:**
Persons convicted of murder would no longer be eligible to receive credits for good conduct or participation in work or education programs that reduce the time they must stay in prison. Also, a law enacted last year by the Legislature and Governor establishing a penalty of life imprisonment without possibility of parole for the second degree murder of a peace officer under certain circumstances would be replaced by a virtually identical law enacted by the voters.

**A NO vote of this measure means:**
Most persons convicted of murder would continue to be eligible for credits that reduce the

## Live Election Returns

All Propositions
 includes results by county
 (from Sec. of St.)

## Nonpartisan Analysis

League of Women Voters

- Pros & Cons of Proposition 222
- Criteria for Evaluating Ballot Propositions - (also en espanol)

Other Analysis of Prop 222

- California Journal Analysis
- Senate Office of Research

See also

- Smart Voter Directory of all Propositions

## Campaign Finance Info

Prop 222 Contributions Data from the Secretary of State

Contributions Summary for all Propositions

Suggest a link related to

Case 3:07-cv-04833-MMC    Document 11-8    Filed 07/22/2008    Page 42 of 61

Proposition 222: Murder. Pe: ... fficer Victim. Sentence Credits. - Ca'... nia State Gove...    Page 2 of 2

time they stay in prison. Also, a law enacted last
year by the Legislature and Governor establishing
a penalty of life imprisonment without possibility
of parole for the second degree murder of a peace
officer under certain circumstances would not be
replaced by one enacted by the voters.

this contest
Links to outside sources are provided
for information only and do not
imply endorsement.

### Official Sources of Information

- Offical WWW Site
- Full Text
- Impartial Analysis from the Legislative Analyst

### Arguments Submitted to the Secretary of State

**Summary of Arguments FOR Proposition 222:**
NOT PROVIDED

**Summary of Arguments AGAINST Proposition 222:**
NOT PROVIDED

**Contact FOR Proposition 222:**
NOT PROVIDED

**Contact AGAINST Proposition 222:**
NOT PROVIDED

Home (Ballot Lookup) || State Election Links
About Smart Voter || Feedback

Created: June 17, 1998 11:14
Smart Voter '98 <http://www.smartvoter.org/>
Copyright © 1998 League of Women Voters of California, Smart Valley Inc.
*The League of Women Voters neither supports nor opposes candidates for public office or political parties.*

15

# PROPOSITION 222:
## MURDER. PEACE OFFICER VICTIM.
## SENTENCE CREDITS. LEGISLATIVE
## INITIATIVE AMENDMENT.

| SUPPORT | |
|---|---|
| **Californians for Law Enforcement/Committee in Support of Proposition 222 ID# 972251** | |
| **CONTRIBUTIONS RECEIVED** | |
| Under $10,000 | $ 0 |
| $10,000 or more | 10,222 |
| *Itemized contributions of $10,000 or more* | |
| California Correctional Peace Officers Association, ID# 910475 | $ 10,222 |
| **TOTAL CONTRIBUTIONS RECEIVED** | **$ 10,222** |
| **TOTAL EXPENDITURES AND ACCRUED EXPENSES** | **$ 16,522** |
| In-Kind contributions/payments | 0 |
| **TOTAL COSTS** | **$ 16,522** |

| OPPOSE |
|---|
| No committees identified |

LWVC HOME - VOTING Q&As - STATE PROPS - ABOUT US

 ### League of Women Voters of California Education Fund

# Evaluating Ballot Measures

*(Also available en español !!)*

The League of Women Voters of California is a nonpartisan organization committed to informed and active citizen participation in government. Our election services are carried out by the League of Women Voters California Education Fund (LWVCEF) and exclude all advocacy.

### Criteria for Evaluation -- The Initiative Process

# Criteria for Evaluating Ballot Propositions

- Who are the real sponsors and opponents of the measure? Investigate the names of groups with which you are not familiar.

- Does the measure deal with one issue which can easily be decided by a "yes" or "no"? Or is it a complex issue which should be thoroughly examined in the legislative arena?

- Is it written well? Are there conflicts in the measure that may require court resolution or interpretation? Is it "good government" or will it cause more problems than it will resolve?

- If the measure amends the Constitution, consider whether it really belongs in the Constitution. Amending the Constitution is cumbersome and costly and requires a vote of the people. Would a statute accomplish the same purpose?

- Does the measure create its own revenue source? Does it earmark, restrict, or obligate a specific percentage of General Fund revenues? Consider the effect on the overall flexibility of the budget.

- Examine the measure by its merits. During the campaign, be wary of distortion tactics and commercials that rely on image, but tell nothing of substance about the measure.

*Courtesy of Margaret Craig, League of Women Voters Orange Coast*

# The Initiative Process

The initiative process allows voters to bypass the legislature and propose ballot measures.

The two types of initiatives are constitutional amendments and statutes; and like other ballot measures, they require a majority vote to pass.

Proponents circulate petitions to collect the required number of voters' signatures to qualify the measure for the ballot. An initiative constitutional amendment requires more signatures than a statute, but if it is approved by a majority of the voters, this measure becomes part of the state's constitution and is difficult to change: an amendment may be proposed for voter approval by qualifying another initiative or by a two-thirds vote of the members of each house of the Legislature and the Governor's signature.

An initiative statute is easier to qualify because it requires fewer signatures but the Legislature can amend it with a majority vote (unless the statute specifies a two-thirds vote) and submission to the electorate, unless the initiative specifically permits amendment without voter approval.

Proposition 224 is an initiative constitutional amendment.

Propositions 223 and 225 through 227 are initiative statutes.

---

➤ On Propositions: Evaluation Criteria - About Initiatives - Smart Voter
➤ LWVC Home - Voting Q&As - State Props - About Us

---

Last updated: April 22, 1998
Send comments and suggestions concerning this page to carol@vcwatts.org

---

© Copyright 1998. League of Women Voters of California Education Fund. All rights reserved.

EXHIBIT M

COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT, DIVISION FIVE

In re

MIKAEL SCHIOLD,

Petitioner-Appellee,

On Habeas Corpus.

A103107

San Francisco County Superior Court No. 4523
The Honorable Ksenia Tsenin, Judge

## SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE OF ALL CLAIMS

BILL LOCKYER
Attorney General of the State of California

ROBERT R. ANDERSON
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

JULIE L. GARLAND
Supervising Deputy Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General
State Bar No. 189613

455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5713
Fax: (415) 703-5843

Attorneys for Respondents/Appellants

COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT, DIVISION FIVE

| | |
|---|---|
| In re | A103107 |
| **MIKAEL SCHIOLD,** | |
| Petitioner-Appellee, | |
| **On Habeas Corpus.** | |

### SETTLEMENT AGREEMENT AND FULL
### AND FINAL RELEASE OF ALL CLAIMS

"Releasor":  MIKAEL SCHIOLD

"Releasees":  GRAY DAVIS, IN HIS OFFICIAL CAPACITY AS
GOVERNOR OF THE STATE OF CALIFORNIA; THE
BOARD OF PRISON TERMS; MICHAEL E. KNOWLES,
IN HIS OFFICIAL CAPACITY AS THE WARDEN OF
MULE CREEK STATE PRISON; AND CAROL A. DALY,
IN HER OFFICIAL CAPACITY AS THE CHAIRPERSON
OF THE BOARD OF PRISON TERMS

1.    Releasor, petitioner-appellee Mikael Schiold, is currently in the
custody of the California Department of Corrections pursuant to his
conviction by guilty plea to second-degree murder while using a deadly
weapon.  Schiold's sentence is fifteen years to life plus one year.  Schiold is
identified by the Department of Corrections as inmate number D-31112.

2.    The Board of Prison Terms found Schiold suitable for parole on
April 11, 2002.  On September 6, 2002, the Governor reversed that decision
and found Schiold unsuitable for parole.

3.    Schiold filed a petition for writ of habeas corpus in San Francisco

1

COPY

Superior Court, Case No. 4523, challenging the Governor's determination that he was unsuitable for parole. The Superior Court granted that petition, and respondents-appellants appealed to the First District Court of Appeal, Case No. A103107.

4.    Releasor and releasees desire to enter into this settlement agreement in order to provide for a recommendation that Schiold be transferred to the custody of Sweden under the Convention on the Transfer of Sentenced Persons in full settlement of all claims which are or might have been the subject of the petition in this case, upon the terms and conditions set forth below.

5.    This release is executed in consideration of the Board of Prison Terms submitting, with its approval, the application of Schiold for custodial transfer to Sweden under Government Code section 12012.1 and the Convention on the Transfer of Sentenced Persons.

6.    Releasor Schiold agrees that upon approval of the transfer by the United States Department of Justice, Sweden, and any other necessary entities, and upon transfer to Sweden, he will stipulate to vacate the San Francisco Superior Court's order granting the petition in Case No. 4523. Releasor Schiold further agrees that pursuant to the satisfaction of the conditions of this paragraph, he will then dismiss the petition in San Francisco Superior Court Case No. 4523.

7.    Releasor and releasees agree to stay Court of Appeal Case No. A103107 pending resolution of this settlement. The stay shall immediately terminate on October 29, 2003 if before that date releasees have not fully complied with their obligations set forth in paragraph 5. Moreover, the stay shall immediately terminate on December 25, 2003 if releasor Schiold is not in Sweden prior to that date. However, with respect to the immediately preceding sentence only, releasees may file a motion to continue the stay

2

COPY

past December 25, 2003 based upon a showing that the transfer process is proceeding expeditiously. If the stay terminates pursuant to the terms of this paragraph, releasor and releasees agree that the filing and service of the opening brief in Court of Appeal Case No. A103107 will be due two weeks after the stay terminates. Releasees agree to voluntarily dismiss that appeal upon releasor's dismissal of the petition described in paragraph 6.

8.    Releasor agrees that he will be held in custody by the government of Sweden until January 1, 2007.

9.    Releasees agree that so long as Schiold and the government of Sweden comply with this agreement, they will take no further action against releasor arising from his conviction in San Francisco County Superior Court Case No. 119276.

10.    Upon full satisfaction of the conditions set forth in paragraph 6, Schiold thereafter fully and forever releases and discharges: the respondents-appellants in the above-captioned case and in San Francisco Superior Court Case No. 4523; the State of California; the California Department of Corrections; the Chairperson of the Board of Prison Terms; and each of their employees, agents, servants, and other representatives, past and present, from all claims, demands, actions, and causes of action, including claims for attorneys' fees, court costs, and other costs of suit, that are or could have been the subject of the petition for writ of habeas corpus in San Francisco Superior Court Case No. 4523. This release expressly does not apply to the obligations set forth in this settlement agreement.

11.    In making this release, Schiold understands and agrees that he relies wholly upon his own judgment, belief and knowledge as to the nature, extent, effect, and duration of liability. The making of this release is without reliance upon any statement or representation of any of the releasees or their agents.

COPY

12.     It is expressly understood by Schiold that the approval and submitting of the application for transfer under the Convention on the Transfer of Sentenced Persons referenced in paragraph 5 of this release constitutes a compromise of a disputed claim, and that the releasees expressly deny any and all liability in the above-captioned case.

13.     This agreement shall constitute the entire agreement between releasor and releasees, including attorney's fees, arising from the actions described in paragraph 3, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by all parties, and each of them.  It may not be altered, amended, modified, or otherwise changed in any respect except by writing duly executed by the parties to this agreement.

14.     This agreement shall be governed by and construed in accordance with the laws of the State of California.

15.     This release is freely and voluntarily made.  Schiold has not been influenced to any extent in making this release by any representations or statements made by any of the releasees or their agents except as set out herein.

///

///

COPY

P.02

16.    Facsimile signatures shall bind the parties to this agreement.

Date: 10/22/03

ETHAN A. BALOGH
KEKER & VAN NEST
Attorneys for Petitioner-Appellee Mikael Schiold

Date: 10/22/03

ANYA BINSACCA
Supervising Deputy Attorney General
Attorney for Releasees Gray Davis, in his official capacity as Governor of
the State of California; the Board of Prison Terms; Michael E. Knowles, in
his official capacity as the Warden of Mule Creek State Prison; and Carol A.
Daly, in her official capacity as the Chairperson of the Board of Prison
Terms

40009425.wpd

5

# EXHIBIT N

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 2 6 2006

John A. Clarke, Executive Officer/Clerk

By _____, Deputy

LAW OFFICES OF
PICONE & DEFILIPPIS
625 North First Street
San Jose, CA 95112

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

In re,                                        ) Case No.: BH003529
                                              ) ORDER RE: WRIT OF HABEAS CORPUS
ROBERT ROSENKRANTZ,                           )
                                              )
            Petitioner,                       )
                                              )
        On Habeas Corpus                      )
                                              )
                                              )
                                              )

The court has read and considered petitioner's Writ of Habeas Corpus filed on August 17, 2005, as well as the return and denial filed in response to the court's order to show cause. Having independently reviewed the record, giving deference to the broad discretion of the Board of Prison Hearings ("Board") in parole matters, the court concludes that the Board's decision denying petitioner parole is not supported by "some evidence."

Petitioner is currently serving a sentence of 15 years to life with a two-year firearm enhancement following his 1986 conviction of second degree murder. Petitioner's minimum eligible parole date was January 23, 1996. Petitioner asserts constitutional claims, including the argument that the Board violated its regulations and petitioner's right to due process by its refusal to set a parole date despite its inability to find him unsuitable for parole or to deem him an unreasonable risk to public safety if paroled.

On April 25, 2005, the Board denied petitioner parole for one year. In denying petitioner parole, the Board relied upon the circumstances of the commitment offense. When determining

1

EX "C"  Page 1 of 6

1  unsuitability based on commitment offense, the Board may consider as a factor whether the

2  victim was abused, defiled or mutilated during or after the offense. (See Cal. Code Regs., tit. 15,

3  § 2402(c)(1)(C).) Here, the Board found that the victim was "abused" due to "the number of

4  times he was shot and the manner in which he was shot." In addition, the Board concluded that

5  the case "rises to the highest level of second-degree murder." The Board further stated in its

6  decision that the Deputy District Attorney and the Los Angeles Sheriff's Department opposed

7  parole. While the Board is required to consider such opposition (see Penal Code section 3042),

8  that opposition is not a factor on which the Board may rely to deny parole as enumerated in title

9  15, section 2281 of the California Code of Regulations.

10     Towards the conclusion of the hearing, the Board summarily mentioned its concern that

11  petitioner is a danger to his brother, Joey. The court finds that this assertion is not only

12  unsupported by the record, but belied by the record, which contains documented evidence that

13  contradicts any fear that the petitioner is a threat to his brother's safety. Furthermore, the court

14  rejects the Board's inference that the absence of yearly supportive letters from petitioner's

15  brother shows that petitioner is a danger to his brother. In fact, the petitioner's denial and

16  traverse draws attention to a recent psychological evaluation addressing and dismissing the

17  Board's concern for the safety of petitioner's brother. However, because this psychological

18  evaluation was not evidence before the Board at the time of petitioner's hearing, the court may

19  not properly rely upon it in reviewing the Board's decision. Regardless, the court finds that there

20  is no evidence in the record that supports the conclusion that petitioner remains a danger to his

21  brother.

22     The Board's sole reliance on the gravity of the offense to justify denial of parole can be

23  initially justified as fulfilling the requirements set forth by state law. (*Biggs v. Terhune* (9th Cir.

24  2003) 334 F.3d 910, 916.) However, over time, should petitioner continue to demonstrate

25  exemplary behavior and evidence of rehabilitation, denying a parole date simply because of the

26  nature of the commitment offense raises serious questions involving his liberty interest in parole.

27  (*Id.* at p. 917.) Here, petitioner's record is replete with reports of petitioner's exemplary conduct

28  as well as his vocational and educational achievements over a period of many years. Indeed,

1  petitioner is a model prisoner in every respect. A parole decision supported by some evidence

2  may nonetheless abrogate due process if it did not consider and weigh all favorable evidence.

3  (*In re Capistran* (2003) 107 Cal.App.4th 1299, 1306.)

4      The court finds that petitioner's continual parole denials have been based mainly on the

5  gravity of the commitment offense, the circumstances of which can never change. Therefore, the

6  Board's continued sole reliance on the commitment offense will essentially convert petitioner's

7  original sentence of life with the possibility of parole into a sentence of life without the

8  possibility of parole. Petitioner has no chance of obtaining parole unless the Board holds that his

9  crime was not serious enough to warrant a denial of parole. (*Irons v. Warden* (E.D. Cal. 2005)

10  358 F.Supp.2d 936, 947.)

11      Prior Board panels have found petitioner suitable for parole. Petitioner was found

12  suitable for parole on June 18, 1996, but a review unit later disapproved the parole grant. At

13  subsequent hearings in 1996, 1997 and 1998, petitioner was found unsuitable for parole based on

14  the gravity of his offense. On September 9, 1999, petitioner was found unsuitable for parole but

15  the panel set his prison term. On November 18, 1999, Governor Davis reversed petitioner's

16  parole grant. On June 30, 2000, a new panel found petitioner suitable for parole, but Governor

17  Davis reversed its decision on October 28, 2000. Petitioner has now served in excess of the

18  maximum term for both second degree and first degree murder. Therefore, the commitment

19  offense should no longer function as a factor for unsuitability and in that case, it should no longer

20  operate as "some evidence" to support the Board's parole denial. Petitioner has reached the

21  point in which the denial of parole can no longer be justified by reliance on his commitment

22  offense. The Board's continued reliance on the circumstances of the offense runs contrary to the

23  rehabilitative goals espoused by the prison system and has violated petitioner's due process.

24  //

25  //

26  //

27  //

28  //

3

1    Therefore, this court orders that the petition for writ of habeas corpus be, and hereby is,

2    granted.

3

4    June 26, 2006

5

6

7

8    Clerk to give notice.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVID S. WESLEY

Judge of the Superior Court

# CALIFORNIA APPELLATE COURTS

### Case Information



| Supreme Court | **Supreme Court** | Change court |
| --- | --- | --- |

Court data last updated: 08/10/2006 10:53 AM

Welcome

Search

Case Summary   Docket   Briefs
Disposition   Parties and Attorneys   Lower Court

E-mail

Calendar

## Docket (Register of Actions)

Help

**ROSENKRANTZ (ROBERT) ON H.C.**

Opinions

**Case Number S145504**

C|C

home

| Date | Description | Notes |
| --- | --- | --- |
| 08/02/2006 | Petition for review with request for stay filed (criminal) | Amanda Lloyd, Deputy Attorney General |
| 08/02/2006 | Exhibit(s) lodged | one bound volume |
| 08/02/2006 | Answer to petition for review filed | Robert Rosenkrantz, petitioner Marc Elliott Grossman, counsel Answer submitted to the court with red covers and labeled "Petitioner's opposition to supersedeas/stay" |
| 08/03/2006 | Petition for review and application for stay denied | |

**Click here** to request automatic e-mail notifications about this case.

© 2004 Judicial Council of California

LAW OFFICES OF
LONE & DEFILIPPIS
?5  North First Street
?u Jose, CA 95??2

# CALIFORNIA APPELLATE COURTS

## Case Information



### 2nd Appellate District

Change court

Welcome

Search

E-mail

Calendar

Help

Opinions

CJC

Court data last updated: 08/10/2006 11:11 AM

Case Summary    Docket    Scheduled Actions    Briefs
Disposition    Parties and Attorneys    Trial Court

## Docket (Register of Actions)

The People v. Rosenkrantz et al.
Division 1
Case Number B192676

| Date | Description | Notes |
|------|-------------|-------|
| 07/28/2006 | Request for stay filed. | |
| 07/28/2006 | Order filed. | The Court has read and considered Rosenkratz's ptn...and the AG's ptn for writ of supersedeas B192676. The parties are ordered as follows: (1) By ltr brfs via fax or personal delivery on opposing cnsl and filed by 3 p.m. on 7/31/06 and explain (*see order*) (2) If rprtr's transcript of any of the relevant proceedings (including hrng on petn for writ of hc and all subsequent hrngs) have been preprd, they are to be lodged w/this Crt as soon as possible but not later than 3 p.m. on 7/31/06; if the transcpts have not been prepared, they shall be immediately obtained and lodged as soon as possible. (3) Opo to Rosenkratz's emerg. ptn case no. B192599 is to be srvd via fax or by personal srvc on Rosenkrantz's cnsl and filed by 3p.m. on 7/31/06. |
| 07/28/2006 | Received: | cc of notice of appeal by AG w/received stamp of 7/28/06 from Superior Court Crim Appeals Unit |
| 07/31/2006 | Received: | cc of FILED stamped notice of appeal (7/28/06) by AG from LA Sup Crt - CRIM Appeals Unit |
| 07/31/2006 | Letter brief filed. | Attorney: Grossman, Marc Party: Rosenkrantz, Robert |
| 07/31/2006 | Letter brief filed. | Attorney: Office of the Attorney General Party: The People |
| 07/31/2006 | Petition summarily denied | Writ of supersedeas/stay has been read and considered. The petition |

EXHIBIT O

# EXHIBIT P