IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELKIN GOMEZ,                    )<br>                                 )<br>             Petitioner,           )<br>                                 )<br>       v.                       )<br>                                 )<br> B. CURRY, Warden,               )<br>                                 )<br>             Respondent.         )<br> _____ ) | No. C 07-4833 MMC (PR)<br><br>**ORDER DIRECTING PETITIONER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS MOOT** |

On September 20, 2007, petitioner, a California prisoner incarcerated at the Correctional Training Facility at Soledad, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of parole by the California Board of Parole Hearings ("Board"). Thereafter, respondent filed an answer to the petition and petitioner filed a traverse.

By order filed May 20, 2010, the Court directed the parties to file supplemental briefs setting forth their respective views as to the effect, if any, of the Ninth Circuit's recent decision in Hayward v. Marshall, 603 F.3d 546 (9th. Cir. 2010) (en banc). Respondent filed a supplemental brief on June 2, 2010; petitioner filed a supplemental brief on June 8, 2010.

Recently, the Court was apprised that petitioner was released on parole at some point subsequent to the filing of his supplemental brief. Consequently, it appears that the instant petition might be subject to dismissal as moot. Specifically, Article III, § 2 of the

Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  In order to satisfy the case-or-controversy requirement, a habeas petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (internal quotation and citation omitted).  Where a prisoner seeks release on parole and does not challenge the validity of his conviction, his habeas petition becomes moot once he is released on parole.  See Fendler v. United States Bureau of Prisons, 846 F.2d 550, 555 (9th Cir. 1988).

Accordingly, the Court hereby ORDERS petitioner to show cause why the instant petition should not be dismissed as moot.  Within **twenty (20)** days of the date this order is filed, petitioner shall file with the Court and serve on respondent's counsel a response to the order.  Respondent shall file a reply to the response within **fifteen** days of the date the response is filed.  Should petitioner fail to file a timely response, the petition will be dismissed as moot.

The Clerk shall serve a copy of this order on petitioner at his last known address, specifically, the Correctional Training Facility at Soledad.[1]

IT IS SO ORDERED.

DATED: November 5, 2010

MAXINE M. CHESNEY
United States District Judge

---

[1] Petitioner has not notified the Court of a change of address, although he was previously informed by the Court that he must do so in order to avoid dismissal of the instant petition for failure to prosecute.  (See Order to Show Cause, filed Apr. 14, 2008, at 3:18-21.)

2